# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**DEVONTEE PARKER.**

Crim. Action No. 25-96 (JDB)

## <u>MEMORANDUM OPINION</u>

Devontee Parker is accused of several sex trafficking offenses.  The Government has filed three pretrial motions in limine: (1) an omnibus motion to prohibit irrelevant and prejudicial evidence, (2) a motion to exclude evidence related to the sexual history of Parker's victims and to protect those victims during trial, and (3) a motion to admit evidence of Parker's sex trafficking scheme and prior convictions.  Parker, who is appearing pro se (with the aid of standby counsel), has opposed the Government's motion to preclude him from introducing the victims' sexual and criminal histories, but not the other motions.  For the reasons below, the Government's motions are granted in part, denied in part, and deferred in part.  The Court, of course, reserves discretion to alter or modify evidentiary rulings based on new information and context gleaned during the trial process.  Additionally, the Court already granted in part and denied in part several of the Government's requests during a hearing on January 16, 2026.  Those rulings are also memorialized in the Order accompanying this memorandum opinion.

## LEGAL STANDARD

### A. Motions in limine

Courts consider motions in limine to determine whether "evidence should or should not, for evidentiary reasons, be introduced at trial." United States v. Mock, Crim. A. No. 21-444, 2023 WL 3844604, at *1 (D.D.C. June 6, 2023) (quotation omitted).  Courts have "broad discretion in rendering evidentiary rulings," id. (quotation omitted), provided they evaluate the admissibility of evidence according to the framework established in the Federal Rules of Evidence and the rights guaranteed to criminal defendants by the Constitution, see United States v. Fuller, Crim. A. No. 23-209, 2024 WL 4880497, at *2 (D.D.C. Nov. 25, 2024).  Courts may, for example, exclude evidence that is irrelevant or overly prejudicial, or that must be shut out to serve a legitimate state interest.  See Holmes v. South Carolina, 547 U.S. 319, 324-26 (2006).  However, courts may not fashion arbitrary or disproportionately burdensome rules that deprive a criminal defendant of a "meaningful opportunity to present a complete defense."  Id. at 324 (quotation omitted).

### B. Local Criminal Rule 47(b)

Local Criminal Rule 47(b) provides that if a memorandum in opposition to a motion "is not filed within the prescribed time, the Court may treat the motion as conceded."  This Court ordered responses to pretrial motions to be filed by not later than January 14, 2026.  See Min. Order of December 5, 2025.  Parker has responded to the Government's motions to preclude his testimony on materials covered by Federal Rules of Evidence 412 and 608, but not the Government's other motions.  Accordingly, those unresponded-to motions may be considered conceded under the local rules.  Nevertheless, in view of Parker's pro se status and substantive rights regarding testimony and other issues, the Court has considered all the Government's

arguments on the merits, as well as any oral positions from Parker, and explains its reasoning below.

## ANALYSIS

### I.    The Government's requests to preclude evidence[1]

The Government seeks to preclude Parker from presenting three categories of evidence.  It seeks to prohibit Parker from (1) presenting evidence about victim-witnesses' other sexual behaviors or predispositions under Rule 412, (2) cross-examining victim-witnesses about prior convictions under Rule 609, and (3) introducing his own prior statements under Rule 801.  For the reasons explained below, the Government's requests are granted in part, denied in part, and deferred in part.

> **A. Parker is prohibited from presenting evidence of victims' other sexual behavior or sexual predisposition during trial absent a meritorious Rule 412(c) motion.**

The Government asks the Court to exclude any evidence relating to the sexual behavior or predisposition of the government's victim-witnesses.  Mot. Relating to Victims [ECF No. 26], at

---

[1] This motion tolls the Speedy Trial Act from the time of filing through the period the Court may reasonably expect briefing and thirty days thereafter while the motion is under advisement.  The D.C. Circuit has held that some evidentiary submissions, such as those made to admit evidence under Federal Rules of Evidence 404(b) and 609, do not toll the Speedy Trial Act because they are properly treated as notices under Federal Rule of Criminal Procedure 12(b)(4).  See United States v. Marshall, 669 F.3d 288, 293-94 (2011).  Those notices are typically carried over until trial, so do not require the Court's attention at the time of filing.  Thus, it is only a subsequent opposition, considered a motion under Federal Rule of Criminal Procedure 12(b)(3)(C), that tolls the Speedy Trial Act clock.  Id.

But the Government's requests here are different.  For one, they are not notices within the meaning of Rule 12(b)(4), which governs submissions related to requests to admit evidence, because these motions ask the Court to preclude testimony.  They therefore present a live controversy even without the filing of an opposition by Parker.  Cf. United States v. Tinklenberg, 563 U.S. 647, 650 (2011) ("[T]he filing of a pretrial motion" triggers excludable time "irrespective of whether it actually causes or is expected to cause, delay in starting a trial.").  In particular, in its motion to exclude evidence under Rule 412, the government requests resolution in advance of trial.  That request is reasonable because the disposition of this motion will have substantial consequences for the structure of the trial and strategies of both parties.  The Government's motions to preclude evidence also present questions of first impression in this Circuit and carry constitutional implications, making it unwise to wait until trial to resolve them.  And waiting until trial would be inadvisable because a ruling adverse to the Government may chill the victim-witnesses' testimony.  The Government's submissions are thus motions within the meaning of the Speedy Trial Act that toll the clock.

3.  Such an order would, for example, preclude Parker from asking about the victims' acts of commercial sex that are not at issue in this case.  Because such evidence is generally prohibited by Federal Rule of Evidence 412(a), the Court provisionally grants the Government's request, but reserves judgment as to whether any exception under Rule 412(b) applies until Parker files a motion to admit as required under Rule 412(c).

Federal Rule of Evidence 412(a) provides that "evidence offered to prove that a victim engaged in other sexual behavior" or has a "sexual predisposition" is not admissible in a "criminal proceeding involving alleged sexual misconduct."  But Rule 412(a)'s prohibition in criminal cases is subject to three limited exceptions.  The court may admit:

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b)(1).

If a party intends to offer evidence covered by Rule 412(b), that party must file a motion indicating their intent to do so at least fourteen days before trial.  Fed. R. Evid. 412(c)(1).  The motion must "specifically describe[] the evidence and state[] the purpose for which it is to be offered."  Fed. R. Evid. 412(c)(1)(A).  Failure to do so without good cause results in exclusion.  See United States v. Ramone, 218 F.3d 1229, 1235-36 (10th Cir. 2000); United States v. Eagle Thunder, 893 F.2d 950, 954 (8th Cir. 1990).  If a motion is filed, the court must then conduct an in camera hearing and provide the victim and parties an opportunity to attend and be heard.  Fed. R. Evid. 412(c)(2).

The Court will first consider whether the evidence described by the Government is prohibited by Rule 412(a).  As a threshold matter, Rule 412(a) only applies to cases involving

"alleged sexual misconduct." This case plainly satisfies that requirement because the government alleges that Parker has committed various offenses related to sex trafficking. See, e.g., United States v. Wilkins, 538 F. Supp. 3d 49, 65 (D.D.C. 2021).

Next, Rule 412(a) only bars certain evidence presented by a "victim," which "includes an alleged victim." Fed. R. Evid. 412(d); see also Fed. R. Evid. 412, Advisory Comm. Note (1994) (explaining that person is a victim when they may "reasonably be characterized as a 'victim of alleged sexual misconduct'" (emphasis added)). The Government argues that their witnesses are victims within the meaning of Rule 412 because they were allegedly previously trafficked by Parker.

Parker contends that the witnesses in question are not victims protected by Rule 412 because they are not the victims described in this indictment, or any other. Def.'s 412 & 608 Opp'n [ECF No. 48-2] at 3. He is wrong. "By its terms . . . the rule applies to any witness who has been a victim of sexual assault, not just a witness who was the specific victim of the pending case." United States v. Deuman, 568 F. App'x 414, 421 (6th Cir. 2014). Rule 412 prohibits evidence of a victim's sexual behavior "without regard to whether the alleged victim or person accused is a party to the litigation." Fed. R. Evid. 412, Advisory Comm. Note (1994). Importantly, a victim may be a "pattern" witness, such as the Government's victim-witnesses in this case, "whose testimony about other instances of sexual misconduct by the person accused is otherwise admissible." Id. Additionally, there is no "requirement that the misconduct [towards the victim-witnesses] be alleged in the pleadings." Id. This broad definition of victim is consistent with the purpose of Rule 412, which is to encourage victims to "participate in legal proceedings against alleged offenders." Id. The Government's victim-witnesses, women who were allegedly trafficked by Parker, are thus victims within the meaning of Rule 412.

Finally, the Court must consider whether the type of evidence in question falls within Rule 412(a).  The rule bars the introduction of "other" sexual behavior or "predisposition," which refers to sexual behavior not directly at issue in the indictment or the witness's direct testimony.  <u>See</u> <u>United States v. Torres</u>, 937 F.2d 1469, 1472 (9th Cir. 1991).  Here, the Government seeks to bar evidence of victims' sexual acts <u>beyond</u> the allegations made in the indictment or raised by witnesses.  Such evidence thus concerns "other" sexual behavior.  Accordingly, the Court concludes that any such evidence falls within Rule 412(a) and is presumptively inadmissible.

But that is not the end of the inquiry.  Even if Rule 412(a) applies, it is possible—although perhaps not likely—that Parker's evidence is still admissible under one of the three exceptions in Rule 412(b).  However, Parker has not yet filed a motion to admit evidence, as required under Rule 412(c), explaining why the evidence falls within an exception.  If he does not do so by 14 days before trial, such evidence will be automatically excluded. [2]  <u>See, e.g.</u>, <u>Ramone</u>, 218 F.3d at 1235-36.  If Parker files such a motion, the Court must consider his basis for admitting Rule 412 evidence and whether it satisfies a Rule 412(b) exception and the other evidentiary rules of admissibility.  Because the Court does not know what type of Rule 412 evidence, if any, Parker might seek to admit, it cannot at this time categorically determine that none of the exceptions apply.[3]

The Government seeks a pre-emptive ruling that "any evidence relating to the sexual behavior or sexual predisposition of the government's witnesses, including but not limited to other

---

[2] While a Rule 412(c) motion must be filed no later than 14 days before trial, the Court finds good cause to require an earlier date for such a motion—March 6, 2026—with any objection due by March 16, 2026.  <u>See</u> Fed. R. Evid. 412(c)(1)(B).

[3] At the February 11, 2026, status conference, Parker argued that he should be allowed to admit evidence that certain victim-witnesses were involved in commercial sex after the period he is alleged to have trafficked them, and at the time they were first contacted by the Government—implying that this would create a motive to fabricate testimony. Such evidence indisputably concerns the victim-witnesses' "other sexual behavior" as so falls within the prohibition of Rule 412(a).  Parker may believe he can admit that evidence anyway under a Rule 412(b) exception.  If so, as discussed above, he must file a motion to admit under Rule 412(c).

acts of commercial sex" do not fall into a Rule 412(b) exception.  Rule 412 Suppl. [ECF No. 39] at 1.  To be sure, many courts have held that evidence of prior commercial sex does not fall into any Rule 412(b) exception.  See, e.g., United States v. Gemma, 818 F.3d 23, 33-34 (1st Cir. 2016); United States v. Valenzuela, 495 F. App'x 817, 819-20 (9th Cir. 2012).[4]

However, this Court will not rule that evidence categorically falls outside the Rule 412(b) exceptions until Parker files a motion under Rule 412(c) seeking to admit such material.  As an initial matter, such a ruling is unnecessary.  The Rule requires a motion to admit any Rule 412(b) evidence, so in the absence of a motion, any such evidence is inadmissible.  Additionally, the Court cannot decide whether Rule 412(b) exceptions apply in the abstract.  The Government's request for a pre-emptive ruling covers the waterfront of all potential Rule 412 material, "not limited" to any one category of anticipated testimony.  See Rule 412 Suppl. at 1.  But each exception requires a fact-specific analysis centered on the particular evidence at issue and the defendant's purpose for admitting it.  The Court will not speculate about what evidence Parker may seek to admit, or for what purpose.  Parker is entitled to argue that his evidence falls within a Rule 412 exception, even if such evidence rarely does.  The Court will evaluate Parker's arguments on admissibility if, and when, he makes them.

In sum, the evidence described by the Government falls within Rule 412(a).  This is a case concerning sexual misconduct, and the Government's witnesses are victims.  As such, any

---

[4] In so holding, many courts have concluded that a defendant's inability to question victims about prior or subsequent commercial sex acts does not generally violate the defendant's rights under the confrontation clause.  These rulings have generally been in the abstract, under the reasoning that a victim's other commercial sex acts are irrelevant to a willingness to be trafficked by force by the defendant.  The Court does not consider that proposition here, because Parker has not moved to admit evidence under Rule 412(c).  But it is possible that specific testimony by victims elicited by the Government during direct examination places the victims' history of commercial sex at issue to such an extent that it raises an as-applied confrontation clause issue.  If such an issue arises, Parker may move to admit Rule 412 evidence at that time, because it would be impossible for him to raise a motion prior to trial under Rule 412(c), and the Court will consider it.

evidence of those victims' other sexual behavior or sexual predisposition is inadmissible unless it falls within a Rule 412(b) exception. It seems unlikely that any of the exceptions would apply. To admit evidence under a Rule 412(b) exception, however, Parker must file a motion to admit under Rule 412(c). The Court will consider the merits of any such motion to admit at that time. If Parker does not file such a motion, he is prohibited from admitting any evidence within Rule 412.

### B. Parker is partially precluded from cross-examining Government witnesses about prior criminal convictions and arrests.

The Government requests that the Court prohibit Parker from attempting to impeach government witnesses by asking them about prior convictions and arrests. The Government contends that the convictions in question do not fall within the categories that Rule 609 permits for impeachment and, additionally, would be severely prejudicial. The relevant convictions put forward by the Government are for possession of a controlled substance, prostitution (misdemeanor), probation violation, endangering a child, and issuing bad checks.

Non-defendant witnesses may generally be impeached by evidence of prior conviction if the prior conviction was punishable by death or by imprisonment for more than one year—i.e., typically, a felony—or if the elements of the crime included a dishonest act or false statement. Fed R. Evid. 609(a)(1)(A), (2). The latter category are offenses that involve duplicity, such as perjury, fraud, or embezzlement. See United States v. Lipscomb, 702 F.2d 1049, 1057 & nn.28-30 (D.C. Cir. 1983). If a conviction is more than 10 years old, it is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). And felony convictions not involving dishonesty may nevertheless be excluded if the evidence would otherwise be inadmissible under Rule 403. Fed. R. Evid. 609(a)(1)(A).

Prior felony convictions within the last ten years are admissible for impeachment of non-defendant witnesses.  Rule 609(a) reflects a congressional determination that "all felony convictions less than 10 years old have at least some probative value on the issue of credibility."  Lipscomb, 702 F.2d at 1073.  That includes felonies unrelated to falsity, although the probative value of such convictions is lower.  Id. at 1057-62.  Accordingly, if a party seeks to preclude evidence of such a felony conviction for a non-defendant witness, that party must demonstrate that the prejudicial effect of such evidence substantially outweighs the inherent probative value assigned by Congress.  Id.; see Fed. R. Evid. 403.

Here, the Government does not explain why the felony convictions less than 10 years old would create unfair prejudice other than the risk that jurors are led to think a witness with a felony is a "bad person."  Mot. Relating to Victims at 27 (quotation omitted).  But every felony, for every witness, for every case, carries that risk.  Hence, if the Government's argument were enough, the exception would swallow the rule and every felony would be inadmissible.  Instead, the Government must provide a particularized basis to conclude that the felony convictions in question are prejudicial in this context.  It has not done so.  In the absence of any such argument, this Court cannot conclude that felony convictions within the last ten years offered in this case as to any witness pose undue prejudice above the level inherent from introducing any felony conviction, and are therefore inadmissible.[5]

The analysis is different for convictions older than ten years, such as those for issuing bad checks.  Those convictions are subject to the heightened requirement of Rule 609(b).[6]  So, although

---

[5] Because of vagueness in the notation in the Government's brief, it is unclear how many of the convictions in this case are both felonies and within the last ten years.

[6] Rule 609(b) is triggered "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."  The Government has not specified which of those triggering conditions applies here, but has represented that the ten year period is satisfied.  Mot. Relating to Victims at 26.

the convictions for issuing bad checks are probative for truthfulness, because they involve duplicity, Rule 609(b) reflects Congress's judgment that any conviction more than ten years old is admissible only if there are "specific facts and circumstances" indicating the probative value of the conviction substantially outweighs its prejudicial effect. The Court is aware of no such "specific facts and circumstances," and Parker has declined to provide any such facts in an opposition to the Government's motion. Without more, the Court finds that the probative value of the convictions for issuing bad checks does not substantially outweigh any prejudicial effect. Accordingly, Parker is precluded from introducing evidence of the convictions for issuing bad checks, and any other convictions older than ten years.

The other convictions the Government raises—such as for prostitution—are misdemeanors. Misdemeanors must be admitted if they pertain to crimes of falsity, Fed. R. Evid. 609(a)(2), which prostitution does not. Parker is thus precluded from raising a victim-witness's prior misdemeanor prostitution conviction.

Next, the Government asks the Court to prohibit Parker from raising a witness's arrests not resulting in convictions. Under Federal Rule of Evidence 608(b), a witness may be cross-examined on specific instances of prior conduct only if such conduct is probative of the witness's character for truthfulness. See United States v. Whitmore, 359 F.3d 609, 619 (D.C. Cir. 2004). And extrinsic evidence of a witness's prior conduct is not admissible for the purpose of attacking the witness's credibility, unless it is a conviction falling within Rule 609. Fed. R. Evid. 608(b).

Most of the prior arrests in question do not speak to a witness's truthfulness. The Government raises arrests for prostitution, possession of a controlled substance, driving with a

suspended license, driving while intoxicated, larceny, and a deferred prosecution for theft.[7] Prostitution, possession of a controlled substance, driving with a suspended license, and driving while intoxicated are not crimes of falsity or, more generally, probative of a character for truthfulness. See generally Lipscomb, 702 F.2d at 1057 (distinguishing between the probative values of different types of crimes). Indeed, the D.C. Circuit has instructed that "bad judgment is not the same as untruthfulness" for the purposes of determining whether a witness's prior acts are admissible under Rule 608. United States v. Wilson, 605 F.3d 985, 1014 (D.C. Cir. 2010). Accordingly, evidence of arrests for prostitution, possession of a controlled substance, driving with a suspended license, and driving while intoxicated are thus generally not admissible under Rule 608(b).

Parker believes that the arrest for prostitution, which involved A.L. and took place in 2021, should be admitted. He makes two arguments. First, he contends that the arrest in question did involve a conviction—and so should be presumptively admissible under Rule 609—because A.L. "served 24 hours in jail and [was] ordered to complete a government course in prostitution." Def.'s 412 & 608 Opp'n at 2. This claim is easily dispensed with. Rule 609 requires a criminal "conviction." A conviction requires a determination of guilt following trial or a guilty plea. See United States v. Pardo, 636 F.2d 535, 545 n.32 (D.C. Cir. 1980). Parker does not suggest that either of those circumstances is present here, and the Government attests that A.L.'s arrest was "ultimately dismissed." 404(b) Mot. at 23.

Parker also argues evidence related to A.L.'s arrest should be admitted as relevant to his substantive defenses against the charges. Def.'s 412 & 608 Opp'n at 2. In support of his position,

---

[7] Deferred prosecutions are not convictions and so must be considered alongside the other arrests not resulting in convictions under Rule 608. See United States v. Hamilton, 48 F.3d 149, 153 (5th Cir. 1995).

Parker avers that A.L.'s prior arrest for prostitution is relevant to his defense because she did not tell law enforcement that he was trafficking her at that time, was visited by family in a manner that contradicts the government's case, and made statements while in jail that are exculpatory to Parker.

This argument is a category error. Whether or not the same evidence is admissible for the purpose of disproving the government's charges is irrelevant to the analysis under Rule 608. Rule 608 only governs evidence admitted to attack or support the witness's character for truthfulness. And as discussed above, an arrest for prostitution is not probative of truthfulness because it is not a crime related to falsity or that otherwise suggests the witness has a propensity to lie. Thus, Parker cannot cross-examine A.L. on her arrest for the purpose of attacking her character for truthfulness.[89]

---

[8] However, Parker may be able to admit evidence related to A.L.'s arrest if it is intrinsic, subject to any other constraints imposed by the Federal Rules of Evidence. Evidence is intrinsic when offered "not as circumstantial evidence requiring an inference regarding the character of the accused" but "as direct evidence of a fact in issue." United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010)(citation modified). Intrinsic evidence may include uncharged conduct, id., but may not merely be introduced to "complete the story," United States v. Bowie, 232 F.3d 923, 292 (D.C. Cir. 2000). Here, Parker contends that evidence from A.L.'s arrest is relevant to proving that he did not use force, fraud, or coercion to run a prostitution enterprise. Parker alleges that the arrest happened during A.L.'s alleged involvement with him, within the charged timeframe, and concerns the substantive conduct that is at issue in this case. On the other hand, the mere fact that A.L. was arrested for prostitution may not be relevant to any claim or defense at issue. Cf. United States v. Gemma, 818 F.3d 23, 33-34 (1st Cir. 2016) (holding a victim's prior commercial sex acts irrelevant to whether the defendant forced her to commit commercial sex acts during the charged timeframe). The Court will defer ruling on the admissibility of any non-impeachment evidence related to A.L.'s 2021 arrest until trial.

[9] Rule 412(a) does not bar intrinsic evidence related to A.L.'s 2021 arrest. First, Parker suggests that some of the evidence he seeks to admit related to the arrest is not related to A.L.'s underlying sexual behavior, such as the fact that she was visited by her mother. That is not covered by Rule 412(a), which only applies to evidence of "other sexual behavior" or "sexual predisposition." Second, more broadly, evidence is outside the scope of Rule 412(a) if it is intrinsic to the charged conduct. That is because Rule 412(a) bars admission of evidence offered to prove a victim's "other" sexual behavior or propensity but not of any sex acts directly at issue in the trial. See Fed. Rule Evid. 412, Advisory Comm. note (1972) ("The word 'other' is used to suggest some flexibility in admitting evidence 'intrinsic' to the alleged sexual misconduct.); United States v. Yazzie, 59 F.3d 807, 814 (9th Cir. 1995) (finding intrinsic evidence admissible); Doe v. United States, 666 F.2d 43, 48 (4th Cir. 1981) (same). Indeed. the 1991 advisory committee note to Rule 412 directs courts to consider the distinction between Rule 404(b) evidence and intrinsic evidence when evaluating whether sex acts fall within Rule 412(a). That note, in turn, cites United States v. Williams, which explains that "'other act' evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode, or the other acts were necessary preliminaries to the crime charged." 900 F.2d 823, 825 (5th Cir. 1990) (citation modified). Here, Parker alleges that A.L.'s arrest occurred during the charged timeframe, when she was involved with Parker, for conduct related to Parker's charges. It is thus plausible that evidence related to the arrest is intrinsic and falls outside the protections of Rule 412(a).

Finally, theft and larceny may be probative of a character for truthfulness, depending on the circumstances.  See United States v. Crawford, 613 F.2d 1045, 1052 (D.C. Cir. 1979) (holding in the Rule 609 context, that a conviction for shoplifting "may or may not be probative of a lack of veracity, depending on the nature and circumstances of the crime").  That is because those crimes can range, depending on the circumstances, from an offense committed in public view without pretense to one that hinges on the thief's duplicity.  Id.  Moreover, a mere arrest may not be probative of truthfulness because arrests "happen[] to the innocent as well as the guilty." Michelson v. United States, 335 U.S. 469, 482 (1948).  "Without evidence of the nature of the crime at issue here or its surrounding circumstances, [this Court] simply [cannot] determine how probative (if at all)" theft or larceny may be as to the witness's truthfulness.  Crawford, 613 F.2d at 319.

The parties have provided insufficient context about the theft and larceny arrests to sustain a ruling.  The Government has represented that the theft arrest was related to shoplifting and said nothing about the larceny arrest.  Parker has not provided opposition briefing.  Without more, this Court will defer its ruling until trial.  If Parker wishes to admit such evidence, he will have to provide facts that establish that the theft or larceny in question is probative of truthfulness.

### C. Insofar as they constitute inadmissible hearsay, Parker is precluded from introducing his own self-serving prior statements.

The Government asks that Parker be precluded from offering any self-serving prior statements.  Omnibus Mot. [ECF No. 25] at 12-14.  Hearsay is a statement made by the declarant outside of court that is offered to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  It is generally inadmissible.  Fed. R. Evid. 802.

Parker's prior self-serving statements are inadmissible insofar as they constitute hearsay. See Wilkins, 538 F. Supp. 3d at 68.  Such prior statements were necessarily made by Parker outside

of court and, depending on their context, might be used to prove the truth of the matter asserted. If so, the statement is inadmissible unless a hearsay exception applies.  See United States v. Yousef, 327 F.3d 56, 153 (2d Cir. 2003) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." (quotation omitted)). The Court will make fact-specific determinations about whether a statement constitutes hearsay, whether any hearsay exceptions apply, and/or whether admission of Parker's statements is required for completeness under Federal Rule of Evidence 106 when such circumstances arise during trial.[10]

## II.   The Government's requests to admit evidence

The Government asks the Court to admit evidence under Federal Rules of Evidence 404(b) and 609.  Specifically, it wishes to introduce testimony from various victim-witnesses about how Parker trafficked them, documents related to Parker's sex trafficking operations, and Parker's prior convictions.  For the reasons explained below, the Government's requests are granted in part, denied in part, and deferred in part.

### A.  Evidence of Parker's sex trafficking scheme is admissible as intrinsic evidence and/or under Federal Rule of Evidence 404(b).

The Government seeks to admit evidence describing Parker's alleged sex trafficking enterprise.  See 404(b) Mot. [ECF No. 27].  It contends that this evidence is admissible as intrinsic evidence of the charged offense or under Federal Rule of Evidence 404(b) to prove Parker's modus operandi, plan, motive, knowledge, and/or intent.  Parker does not oppose this, or any other evidence that the Government seeks to admit under Rule 404(b).  Because the evidence the

---

[10] Parker's prior statements are admissible when they are introduced by the Government because under Federal Rule of Evidence 801(d)(2) statements of a party opponent are not hearsay.

Government describes is either direct, intrinsic evidence, or is otherwise proper under Rule 404(b), it is admissible.

The Government represents that one of its victim-witnesses, A.H., will testify about Parker's trafficking of the victim in the indictment, A.L., as well as her own experience. A.H. "directly observed" Parker's behavior towards A.L. because she was trafficked at the same time. 404(b) Mot. at 17. Her testimony about Parker's behavior towards A.L. is admissible as direct, intrinsic evidence because it is part of the proof of the charged offense. See Bowie, 232 F.3d at 929 ("[I]f the evidence is of an act that is part of the charged offense, it is properly considered intrinsic.").

Also, A.H.'s testimony regarding her own experience of being trafficked by Parker is admissible under Rule 404(b). Evidence of a defendant's other crimes or bad acts is admissible under Rule 404(b) when relevant to something other than the defendant's character or propensity to commit crime. See United States v. Douglas, 482 F.3d 591, 596 (D.C. Cir. 2007). For example, such evidence may be validly admitted to prove the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In recounting her own experience with Parker, A.H. will provide testimony relevant to establishing Parker's plan, knowledge, intent, and modus operandi. She will discuss how Parker advertised her for commercial sex, facilitated her commercial sex encounters, and managed the money she made—relevant for Parker's knowledge, plan, and intent. See United States v. Forney, Crim. A. No. 24-146, 2025 WL 2208298, at *7 n.7 (E.D.N.Y. Aug. 4, 2025) ("Defendant's interactions with other victims, and his activities on the [location of sex trafficking] is admissible to show that Defendant knew of and planned for the trafficking activity, intended to participate

in sex trafficking, and did not participate in sex trafficking by mistake."). She will discuss how Parker used violence against her, imposed rules barring her from speaking to others, and tracked her location and communications in the same way that he did with A.L.—again, all relevant to understanding Parker's plan to enforce A.L.'s compliance through coercion. See United States v. Lewis, 693 F.2d 189, 192 (D.C. Cir. 1982) (testimony concerning stolen money orders not charged in indictment admissible to show that defendant was "the mastermind of a common scheme"). A.H. will also testify that Parker gave her a strikingly similar moniker as he did with A.L.— relevant to Parker's modus operandi. See United States v. Agramonte, 304 F. App'x 877 (D.C. Cir. 2008) (evidence of defendant's use of tools-of-the-trade admissible to show modus operandi); United States v. Edwards, 26 F.4th 449, 454 (7th Cir. 2022) ("Other-act evidence is admissible to show a modus operandi when it establishes a unique pattern or signature linking the other conduct to the alleged offense."). A.H.'s testimony about her own experience with Parker is thus admissible under 404(b) for purposes other than demonstrating propensity.

The Government may also call four other victim-witnesses to testify about Parker's ongoing sex trafficking enterprise. These victim-witnesses did not overlap with A.L., so the Government does not argue that their testimony constitutes intrinsic evidence. Instead, the Government contends that the testimony of these victim-witnesses is admissible under Rule 404(b).

This testimony is admissible insofar as it shows Parker's motive, intent, and plan to engage in the charged conduct. The government intends to offer the testimony to show that Parker engaged in a common scheme to coerce young and vulnerable women into commercial sex trafficking using similar tactics and patterns of behavior throughout. Just as with A.H., the testimony of these victims will show that Parker's other victims were coerced using the same tactics that were used

against A.L., and that Parker managed his victims' commercial sex operations similarly.  404(b) Mot. at 19.  And the testimony of these witnesses will help the Government refute any argument that Parker was unaware that he was coercing A.L. into commercial sex; rather, it will establish that it was his intent to do so.  Accordingly, each victim-witness's proposed testimony regarding Parker's sex trafficking operations is admissible for those purposes.

Of course, the Government may not use Parker's alleged prior bad acts to suggest that he is guilty of the charges in this case merely because he has engaged in similar conduct in the past. The Court is mindful of the potential for 404(b) evidence to carry such an implication and may issue a limiting instruction advising the jury to consider such evidence only for valid, non-propensity purposes.

### B. Parker's prior contacts with law enforcement indicative of sex trafficking and commercial sex exploitation is admissible as intrinsic evidence and/or under Federal Rule of Evidence 404(b).

The Government wishes to admit evidence related to Parker's prior contacts with law enforcement.  It argues that these contacts constitute either intrinsic evidence or are otherwise admissible under Rule 404(b).  Each of the four law enforcement encounters that the Government seeks to admit involved A.L. and details about how Parker allegedly coerced her into commercial sex.  This evidence is thus intrinsic to the charged conduct.  Even if the evidence were not intrinsic, the past encounters are relevant to Parker's knowledge and plan of conducting sex trafficking operations and his specific intent to use force or coercion in doing so.  The evidence of Parker's past encounters with law enforcement is thus admissible, subject to any other constraints imposed by the Federal Rules of Evidence, including the hearsay rule.

### C. Evidence of sex ads, hotel records, communications, financial transfers, and social media indicative of an ongoing commercial sex enterprise is admissible.

The Government seeks to admit various documents showing that Parker operated a long-running prostitution enterprise. These documents include text messages between Parker and victims or potential victims related to his revenue from operating a prostitution enterprise, Snapchat accounts created to advertise and facilitate commercial sex, and hotel and financial records.

To the extent that these documents relate directly to A.L. and the charged conduct, they are admissible as direct, intrinsic evidence. To the extent that they relate to victims other than A.L. but shed light on Parker's motive to extract financial profit from a commercial sex operation, his modus operandi, or other non-propensity purpose they are not barred by Rule 404(b). And to the extent that the documents reflect Parker's own incriminating statements, they are admissible under Federal Rule of Evidence 801(d)(2), which allows for the admission of a party's statements offered by an opposing party. The Court thus grants this request subject to any other constraints imposed by the Federal Rules of Evidence.

### D. Parker's prior convictions are not admissible under Rule 609.

The Government asks the Court to admit two of Parker's prior convictions for impeachment purposes, should Parker testify, under Rule 609. Both convictions are for prostitution-related offenses. Because the Government has not demonstrated that the probative value of those convictions outweighs the prejudicial effect to Parker, they cannot be admitted under Rule 609, subject to the caveat discussed below.

Federal Rule of Evidence 609 governs impeachment by evidence of a criminal conviction. The court must admit testifying criminal defendants' convictions from the past 10 years for crimes punishable by imprisonment for more than one year if the probative value of the evidence

outweighs its prejudicial effect.  See Fed. R. Evid. 609(a)(1)(B).[11]  Thus, the rule is cast in favor

of caution, reversing the presumption of admission in Rule 609(a)(1)(A)—employing the Rule 403

standard—that governs the use of convictions to impeach non-defendants.  Christopher B. Mueller

& Laird C. Kirkpatrick, Evidence 515 (5th ed.).[12]  When weighing the probative value of a prior

conviction against its prejudicial effect, courts consider the "nature of the crime, the time of the

conviction, the similarity of the past crime to the charged crime, the importance of the defendant's

testimony, and the degree to which the defendant's credibility is central to the case."  United States

v. Jackson, 627 F.2d 1198, 1209 (D.C. Cir. 1980).

       As an initial matter, Parker's two past convictions are for crimes punishable by

"imprisonment for more than one year."  See Fed. R. Evid. 609(a)(1); 404(b) Mot. at 39.  The

Court must next consider whether their probative value outweighs their prejudicial effect.

       The two factors that speak to the probative value of the conviction are neutral.  The time

of the convictions favors inclusion because the prior convictions occurred relatively recently, in

2025 and 2017.  On the other hand, the nature of the convictions, both prostitution-related offenses,

militates against inclusion.  Prostitution—as the Government acknowledges in its motion to

preclude Parker from cross-examining victims about their own convictions—is not probative of a

person's character for truthfulness.  See also United States v. Cox, 536 F.2d 65, 71 & n.10 (5th Cir.

1976) (holding that a defendant's conviction for prostitution should not be admitted because the

---

[11] The Rule is even more restrictive when a party seeks to admit evidence of a conviction older than ten years, which requires that the "probative value [of the conviction], supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b)(1).  The rule for defendant witnesses is thus somewhere between the most permissive—the standard for non-defendant witnesses—and the most restrictive—the standard for convictions older than ten years.

[12] Confirming this Court's narrow view of Rule 609(a)(1)(B), the Advisory Committee on the Rules of Evidence has proposed an amendment to Rule 609 that would limit the admissibility of convictions for the impeachment of felons to cases where the "probative value of the evidence substantially outweighs its prejudicial effect . . . ."  Jud. Conf. of the U.S., Comm. On R. of Prac. and Pro., Preliminary Draft of Proposed Amendments to Federal Rules at 105 (Aug. 2025).  This proposed change is justified on the basis that "a fair number of courts have misapplied the existing test to admit convictions that are either similar to the crime charged or otherwise inflammatory . . . ."  Id. at 101.

offense is immaterial to credibility); see also United States v. Holland, 41 F. Supp. 3d 82, 93–94 (D.D.C. 2014) (excluding prior theft and assault convictions because those crimes are immaterial to credibility).  And Rule 609(a) applies "to attacking a witness's character for truthfulness."  Of course, this Court is mindful that "all felonies have some probative value on the issue of credibility."  Lipscomb, 702 F.2d at 1062.  Overall, however, the Court concludes the probative value of Parker's prostitution convictions is minimal.

All the factors related to prejudice support exclusion.  Crucially, Parker's prior convictions are highly similar to the charged offense.  This weighs against admission because such evidence creates the "inevitable pressure on lay jurors to believe that if he did it before he probably did so this time."  Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967) ("[C]onvictions which are for the same crime should be admitted sparingly.") (citation modified); see also United States v. Anderson, 174 F. Supp. 3d 104, 108 (D.D.C. 2016) (excluding firearm conviction because the offense was similar to the charged conduct); United States v. Sanders, 964 F.2d 295, 297–298 (4th Cir. 1992) (reversing conviction where the trial court allowed impeachment by conviction for the "exact type of conduct" for which defendant was being tried).  And Parker's testimony will likely be central to his defense.  See Anderson, 174 F. Supp at 107 (finding this factor weighs against admission).  This also weighs against admission because admitting the convictions may chill Parker's willingness to testify.  See United States v. Elias, Crim. A. No. 18-33, 2022 WL 715486, at *6 (E.D.N.Y. Mar. 10, 2022) (citing Gordon, 383 F.2d at 940).  Finally, Parker's credibility is not integral to his defense.  Credibility, as opposed to the defendant's testimony more generally, is only a central issue when the defendant is accused of a crime of falsity or "the case ha[s] narrowed to the credibility of two persons."  Gordon, 383 F.2d at 941; see Elias, 2022 WL 715486, at *6.  Parker is not accused of any such crime, nor are the issues at trial narrowed to focus on credibility

between Parker and a single government witness—the Government will introduce multiple direct and pattern witnesses, documents including law enforcement records, and two experts.  See Elias, 2022 WL 715486, at *6 (precluding admission of two convictions where the issues at trial were not narrowed to questions of credibility).

In sum, the factors that track the probative value of Parker's prior convictions are neutral while the factors measuring prejudice strongly cut against admission.[13]  Accordingly, the probative value of admitting Parker's convictions does not outweigh their prejudicial effect.  The Government thus may not introduce evidence of Parker's prior convictions under Rule 609(a).

The Court's ruling comes with an important caveat.  The Government is not precluded from introducing Parker's prior bad acts for a permissible purpose under any other Federal Rule of Evidence.  See United States v. Rogers, 918 F.2d 207, 211 (D.C. Cir. 1990) (holding that evidence of a prior conviction "not introduced to attack a witness's credibility falls outside [Rule 609's] scope").  The Government has not, at this point, expressed an intent to introduce Parker's prior convictions under any rule of evidence other than 609.  Should they do so, and be successful, they can likely subsequently impeach Parker using the same conviction because "any incremental prejudice flowing from the use of [Parker's] convictions for impeachment purposes . . . [would be] minimal."  United States v. Mahler, 579 F.2d 730, 736 (2d Cir. 1978); see also United States v. Chauncey, 420 F.3d 864, 874 (8th Cir. 2005) ("Here, the prior conviction already was admitted under Rule 404(b), and the danger of unfair prejudice by repetition of the evidence was

---

[13] The Court also notes that the D.C. Circuit has cautioned lower courts that limiting instructions in the context of introducing prior convictions for the impeachment of defendants is particularly ineffective.  Lipscomb, 702 F.2d at 1062.  That is because when "[t]he jury is told to consider the defendant's prior conviction only on the issue of credibility and not on the overall issue of guilt," the jury is required to perform "a mental gymnastic which is beyond, not only their powers, but anybody else's."  Id. (citation modified).

negligible.").  Should the Government attempt to introduce Parker's convictions in such a manner, the Court will consider the issue then.

### E.  Evidence of Parker's other bad acts is not barred by Rule 403

None of the evidence of "other bad acts" that is admissible for permissible purposes under Rule 404(b), discussed above, is otherwise barred by Federal Rule of Evidence 403.  Rule 403 allows the court to exclude relevant evidence if its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The evidence, as described by the Government, is highly probative.  As discussed previously, it may be used to prove Parker's state of mind in trafficking A.L. as well as his knowing use of force and coercion to that end.  It also may be used to prove that Parker ran a long-running prostitution enterprise for profit, of which trafficking A.L. was part, and to illustrate his distinct modus operandi.

Any risk of unfair prejudice does not substantially outweigh the highly probative nature of the evidence.  Unfair prejudice results when evidence suggests decision "on an improper basis, commonly, though not necessarily, an emotional one."  Fed. Rule Evid. 403, Advisory Comm. note (1972).  For example, evidence of other bad acts may cause unfair prejudice by suggesting that a defendant has committed the charged offense merely because they have behaved poorly in the past.  The risk of prejudice is lower when the evidence of prior bad acts adds "no emotional or other pejorative emphasis" not already introduced by the evidence of the crime charged in the case at hand.  United States v. Lawson, 410 F.3d 735, 742 (D.C. Cir. 2005).  The evidence of Parker's other bad acts is like the evidence directly related to the charged conduct insofar as both describe Parker's sex trafficking of women by force or coercion.  The other bad acts evidence is thus

unlikely to create any new emotional or pejorative emphasis regarding Parker or otherwise draw the jury to decide Parker's guilt on an improper basis. And again, the Court may, out of an abundance of caution, issue a limiting instruction that evidence of Parker's other bad acts shall only be considered for legitimate, non-propensity purposes.

## **CONCLUSION**

For the forgoing reasons, the Court will grant in part, deny in part, and defer in part the Government's motions in limine. As reflected in the Order issued herewith, the Court concludes as follows:

- Parker is prohibited from presenting evidence of victims' other sexual behavior or sexual predisposition during trial unless permitted under Rule 412(b) and a motion filed pursuant to Rule 412(c);

- Parker is precluded from impeaching the Government's witnesses based on prior convictions for felonies older than ten years or misdemeanors;

- Parker may impeach the Government's witnesses based on prior convictions for felonies within the last ten years;

- Parker is precluded from impeaching the Government's witnesses based on prior arrests not resulting in convictions, except for arrests related to theft or larceny, provided that he can articulate specific facts and circumstances related to those arrests that indicate that they are probative of truthfulness;

- The Government may admit evidence of the charged conduct provided by A.H.;

- The Government may admit evidence provided by A.H. and the other victim-witnesses of their own experiences to show Parker's pattern, plan, intent, knowledge, and/or modus operandi;

- The Government may admit evidence of Parker's prior contacts with law enforcement;

- The Government may admit evidence of sex ads, hotel records, communications, financial transfers, and social media;

- The Government may not admit Parker's prior convictions for the purposes of impeachment.


 

_____/s/_____
JOHN D. BATES
United States District Judge


Dated: <u>February 20, 2026</u>