**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA**

v.

**DEVONTEE PARKER**

---

**Crim. A. No. 25-96 (JDB)**

## MEMORANDUM OPINION & ORDER

Devontee Parker, accused of several sex trafficking offenses, seeks reconsideration of this Court's decision to continue his trial and toll the Speedy Trial Act for the ends of justice. The Court continued trial from March 31, 2026, to September 8, 2026, and excluded the intervening time from Speedy Trial calculation after finding that proceeding to trial could result in a miscarriage of justice and that the volume of unreviewed discovery made timely and effective preparation impossible. Parker objected to that decision at the time and reiterates his contentions now. However, because Parker raises arguments that the Court has already considered and does not otherwise provide a basis for revisiting the Court's determinations, reconsideration is denied.

## LEGAL STANDARD

The Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration. Nevertheless, courts in this district have determined that motions for reconsideration may be entertained in criminal cases and have adopted the same standards that apply to such motions filed in civil cases pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009); United States v. Booker, 613 F. Supp. 2d 32, 34 (D.D.C. 2009). "A Rule 59(e) motion is discretionary and need

not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

## ANALYSIS

The Speedy Trial Act provides that trial shall commence within seventy days after the defendant appears in front of a judicial officer of the district court where charges are pending. 18 U.S.C. § 3161(c). That clock may be paused if a statutory exception applies, including when the court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). In making such a determination, the court must explain its reasoning, weighing the following factors: (i) whether proceeding to trial could result in a miscarriage of justice, (ii) whether the complexity of the case makes adequate preparation unreasonable, (iii) whether the complexity of the indictment delayed the grand jury's decisions, and (iv) whether failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation. Id. § 3161(h)(7)(B). "The substantive balancing underlying the decision to grant [an ends of justice] continuance is entrusted to the district court's sound discretion." United States v. Rice, 746 F.3d 1074, 1078 (D.C. Cir. 2014). And because the Speedy Trial Act protects the public's interest in a fair trial as well as the accused's interest in a timely one, courts may grant continuances over the objections of the defendant. See United States v. Reid, Crim. A. No. 21-174, 2021 WL 11709775, at *1 (S.D.N.Y. June 17, 2021) (collecting cases where the Speedy Trial Act is tolled over the defendant's objection and noting that "[t]he ends-of-justice determination is . . . entrusted to the court, not the parties").

At the status hearing on March 13, 2026, this Court determined that the above factors weighed in favor of continuance. The Court concluded that proceeding to trial risked a miscarriage

of justice.  Tr. [ECF No. 73] at 25:4-26:9.  As an initial matter, Parker had been unable to review more than a small fraction of the discovery he had requested, and he previously represented that this discovery contained exculpatory material or was otherwise essential to his defense.  Some of that material had been lost in the mail and was only newly available to him, and he faced difficulties getting regular access to a laptop.[1]  Additionally, Parker's standby counsel had recently withdrawn from the case, and his new standby counsel represented that she would be unable to meaningfully assist Parker for trial by the end of March.  The Court also concluded that Parker would be unable to consider and discuss aspects of pretrial preparation and trial strategy before the end of the month. With all that considered, the Court concluded that proceeding to trial on March 31 risked gross unfairness and a potential miscarriage of justice.

The Court next considered the complexity of the case.  The Court concluded that, although the charges were not especially novel, "discovery has made [the case] somewhat complex," especially because a substantial portion of discoverable material was made available to Parker only after the discovery deadline had passed.  Tr. at 26:7-26:21.  Moreover, the charged conduct took place over several years and across multiple jurisdictions across the country, and the case involves physical evidence, multiple cell phone extractions, location data, state police records, financial records and other electronic information.  Indeed, Parker has requested that the Government acquire evidence for him from several different jurisdictions.  The Government also plans on calling multiple experts to testify, and Parker has sought the assistance of two specialists.  And this case presents difficult issues related to "the presentation and cross-examination of witnesses" because of Rule 412 of the Federal Rules of Evidence, which limits the admissibility of evidence

---

[1] To ensure that this would not be an issue prospectively, the Court arranged with the U.S. Marshals Service to allow Parker to come to the courthouse and review discovery with his standby counsel.

related to a witness's prior sexual conduct. Tr. at 26:13-17. As the Court explained in its February 20, 2026, memorandum opinion, Rule 412 limits Parker's ability to ask certain questions, but Parker may move to admit certain evidence under Rule 412(c) during trial if he believes it is necessary to vindicate his rights under the Confrontation Clause. Feb. 20 Mem. Op. [ECF No. 60] at 7 n.4. Parker has previously suggested that Rule 412 evidence is crucial to his defense, and any motions to admit such evidence would need to be filed before trial, unless the need for specific Rule 412 evidence is unforeseeable until it arises at trial. Together, these factors demonstrate complexity sufficient to render preparation by the anticipated trial date—a mere 18 days after the status conference—unreasonable.

And finally, the Court concluded that proceeding to trial would impede Parker's effective preparation. Tr. at 26:22-27:3. For the same reasons as explained above, the Court found the scheduled trial date would not allow Parker the reasonable time necessary for effective presentation and preparation of his defense.

Parker's motion for reconsideration does not raise previously unavailable evidence or new law as required to alter the Court's decision. To the contrary, Parker largely argues that his ability to effectively prepare for trial has been substantially impeded by the prosecution, the federal defender's office, and the Bureau of Prisons. Parker alleges that these entities engaged in conduct ranging from lack of diligence to intentional delay, which ultimately resulted in him "not being afforded a fair chance to review his evidence in preparation for trial." Mot. [ECF No. 74] at 4. Parker also alleges that his previous standby counsel failed to file a request for funding to obtain an expert that he identifies as crucial to his defense. Id. at 3. His current standby counsel filed that request, which the Court has approved, but represented that the expert would be unable to start until the scheduled trial date. And at his most recent status conference, Parker attested that he has

still been unable to review discovery made available in the form of PDF files, which comprise a substantial portion of the remaining materials.  Parker's representations confirm the Court's analysis that a continuance was and remains necessary to prevent a potential miscarriage of justice and allow for adequate defense preparation.

The Court appreciates Parker's desire to proceed to trial.  But the Court has the obligation and authority under the Speedy Trial Act to consider the implications of premature trial for the public, the justice system, and Parker himself.  Those interests would be ill served by going forward in these circumstances.  The Court has taken measures to ensure that Parker is ready for trial in the future by approving his investigators and arranging for him to review discovery.  And should additional barriers persist, Parker may file a motion for relief and the Court will expeditiously resolve it.

Finally, Parker requests that the Court order his transfer from Northern Neck Regional Jail to another facility closer to the District of Columbia.  He argues that Northern Neck has lost motions that he has submitted and not allowed him to view evidence as well as that its location far from the District places a substantial burden on his communication with his standby counsel.

The Court has previously declined Parker's request for a transfer on the grounds that the place of pretrial detention is committed to the discretion of the United States Marshals Service. "Section 4086 of Title 18 provides that the 'United States marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution.' Because of such unqualified statutory language, it is well recognized that the Marshals Service is solely responsible for deciding the location of pretrial detention." Jan. 20 Mem. Op. [ECF No. 38] at 2 (citing United States v. Olson, Crim. A. No. 22-162, 2025 WL 2715499, at *2 (D. Minn. Sept. 24, 2025); United States v. Boyce, Crim. A. No. 21-

30003, 2023 WL 137823, at *1 (S.D. Ill. Jan. 9, 2023); <u>United States v. Campbell</u>, Crim. A. No. 24-101, 2026 WL 26130, at *2 (E.D. Wisc. Jan. 5, 2026)).

Nevertheless, the Court believes that the ends of justice would be best served by Parker's transfer to a detention center closer to the District of Columbia. Parker, as a pro se litigant, must engage in substantial trial preparation. Transfer would facilitate his regular access to standby counsel, which, in turn, would allow him greater ability to review discovery, file motions, and strategize for trial itself. The Court will relay a copy of this memorandum opinion to the Marshals Service as a recommendation that Parker be transferred.

Thus, upon consideration of [74] the motion for reconsideration, and the entire record herein, it is hereby ORDERED that the motion is DENIED.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: <u>May 20, 2026</u>