**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES**<br><br>**v.**<br><br>**DEVONTEE PARKER** | **Criminal Action No. 25-96 (JDB)** |

**MEMORANDUM OPINION & ORDER**

Devontee Parker is charged with several sex trafficking offenses and is representing himself pro se, with the assistance of standby counsel.  Parker was initially held at Northern Neck Regional Jail but is currently being detained at the D.C. Jail.  See Min. Entry (May 27, 2026).  He faces trial beginning on September 8, 2026.  See Scheduling Order, Dkt. 75.  Parker now asserts that his pretrial detention burdens his constitutional right to represent himself because of the limitations it places on his ability to conduct legal research, discuss the case with experts, and review discovery.  Mot. for Review of Detention Order and for Pretrial Release 10-11, Dkt. 79; see also Resp. to Gov't's Mot. to Schedule Hearing and for Other Relief 3-4, Dkt. 86.

**Background**

According to Parker, he has not had access to legal research because the D.C. Jail—which no longer has a law library and instead offers the use of tablets with legal research tools—has not made any tablet available to him despite his and standby counsel's requests.  Resp. at 3.  Moreover, the D.C. Jail does not allow internet access for attorneys visiting defendants.  Id.  Similarly, Parker has had limited access to discovery because the D.C. Jail has not made any litigation laptop available for Parker to review the flash drive containing electronic discovery, although he can review discovery through counsel's or the defense investigator's laptops when they visit him.  Id.

1

at 4.  And he has only been able to have a single one-hour call with a cellular device expert because attorney-client video conferences may only be scheduled for up to an hour on Fridays.  Mot. at 10. Parker and standby counsel reasserted these issues at a status conference on June 18, 2026, about standby counsel's role and whether there is an attorney-client relationship between standby counsel and a pro se defendant.[1]

### Discussion

Parker has the right under the Sixth Amendment to conduct his own defense.  Faretta v. California, 422 U.S. 806, 819 (1975).  And prisoners also have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)).

However, prisoners do not have an "abstract, freestanding right to a law library or legal assistance."  Id. at 351.  Instead, to establish standing to allege a Bounds violation, a prisoner must demonstrate that any "shortcomings" in the prison's provision of legal research or assistance "hindered his efforts to pursue a legal claim."  Id.  At least in the context of a direct appeal, habeas petition, or civil rights action under 42 U.S.C. § 1983, a prison may satisfy its Bounds requirement by providing "some minimal access to legal advice and a system of court-provided forms" to set out facts without legal analysis.  Id. at 352.

Here, Parker is a pre-trial detainee who retains the presumption of innocence and who has a constitutional right to represent himself at trial in less than three months.  His right of self-representation would be impinged—and his efforts to prove his innocence hindered—if he lacked

---

[1] At that hearing, the Court orally ruled that standby counsel's role at this time comports with McKaskle v. Wiggins, 465 U.S. 168 (1984), especially because Parker confirmed that standby counsel has so far acted entirely at his direction and with his consent.  The Court also ruled that attorney-client privilege attaches for communications and documents shared between a pro se defendant such as Parker and standby counsel with the expectation of confidentiality for purposes of legal advice.  To hold otherwise would chill candid communication between standby counsel and the pro se defendant, impeding effective legal advice and the administration of justice.  See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); State v. Bebb, 108 Wash. 2d 515, 524-25 (1987).

the tools to conduct legal research.  Indeed, he would then have to rely entirely on standby counsel's assistance to make legal arguments, which is precisely the arrangement that <u>Faretta</u> forbids.  <u>See</u> 422 U.S. at 820 (explaining that counsel "shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally").  Notably, there is no <u>Faretta</u> right for direct appeal of a conviction—one of the proceedings highlighted in <u>Lewis</u>.  <u>Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.</u>, 528 U.S. 152, 163 (2000).  Therefore, the Court finds that Parker, as a pro se pre-trial detainee going to trial soon, has a right to access legal research tools.

Granted, the Supreme Court has also held that "a prison regulation impinging on inmates' constitutional rights 'is valid if it is reasonably related to legitimate penological interests.'" <u>Lewis</u>, 518 U.S. at 361 (quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)).  But the Court cannot see how failing to provide a pre-trial detainee who faces trial in a matter of months with any access to legal research tools is reasonably related to legitimate penological interests.

And finally, the Court also observes that it ought not to become "enmeshed in the minutiae of prison operations." <u>Id.</u> at 362 (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 562 (1979)).  Fair enough. But this is also not the first time the Court has had to address issues raised by Parker being both detained and pro se.  Almost six months ago, the Court expressed that the interests of justice would be served by relocating Parker from Northern Neck to a facility nearer Washington, D.C., so he could better consult with standby counsel, including to review discovery subject to a protective order and so only available through counsel.  Mem. Op. & Order, Dkt. 38.

Accordingly, the Court will not order the D.C. Jail to take any specific measure with respect to Parker's access to legal research tools.  Rather, the Court will require the D.C. Jail to promptly provide Parker with access to legal research tools—whether through a tablet, law library, or

otherwise—to enable him to meaningfully vindicate his <u>Faretta</u> right and his ability to present a defense in advance of his trial in September.[2]

* * *

Upon consideration of [79] Mot. for Review of Detention Order and for Pretrial Release, [86] Resp. to Gov't's Mot. to Schedule Hearing and for Other Relief, and the entire record herein, it is hereby **ORDERED** that the D.C. Jail shall promptly provide Devontee Parker with access to legal research tools to enable him to conduct his own defense in advance of his trial beginning on September 8, 2026.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Date: <u>June 18, 2026</u>

---

[2] The Court also notes with some concern Parker's difficulties accessing discovery materials, although standby counsel conceded that the discovery review problems are "not as pronounced" as his inability to conduct legal research. Resp. at 4. If Parker continues not to have meaningful opportunities to review discovery ahead of trial, the Court may require the D.C. Jail to take remedial measures in that respect as well.