UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**DEVONTEE PARKER** | **Crim. A. No. 25-96 (JDB)** |

## MEMORANDUM OPINION & ORDER

Devontee Parker, appearing pro se and with the assistance of stand-by counsel, moves to compel the disclosure of evidence under Brady and Federal Rule of Criminal Procedure 16. Parker also moves, for the third time, to dismiss the indictment charging him with sex trafficking offenses. See First Mot. to Dismiss the Indictment [ECF 51-1, 52]; Second Mot. to Dismiss the Indictment [ECF 70]. Finally, Parker moves for reconsideration of this Court's order denying his motion to suppress evidence.

In the motion to compel, Parker argues that the government must disclose evidence possessed by the Chandler, Arizona and Dallas, Texas police departments to comply with its disclosure obligations. And in the motion to dismiss, Parker argues that the indictment should be dismissed because the government has failed to comply with its disclosure obligations. But Parker does not establish that the government had a sufficiently close working relationship with the Chandler or Dallas police departments so as to extend its disclosure obligations to evidence possessed by those agencies, or that the government has failed to comply with the obligations it does have. Nor does Parker's motion for reconsideration of this Court's order denying his prior motion to suppress, focused on the conduct of Chandler authorities, raise any new grounds meriting reconsideration.

Accordingly, the motion to dismiss and the motion for reconsideration are denied. The motion to compel is also denied in large part. But Parker also argues that the government has failed to disclose three family photos that were on his phone when it was seized. If the government possesses those photos and has not already disclosed them, it must do so now. To that limited extent, the motion to compel is granted.

**I. Motion to Compel Disclosure of Evidence**

In a criminal prosecution, the government must comply with two discovery obligations. First, as a due process matter, it must search for and disclose Brady materials: evidence that is material and favorable to the accused. Brady v. Maryland, 373 U.S. 83, 87 (1963). Under Brady and its progeny, that includes "all favorable evidence that is itself admissible or that is likely to lead to favorable evidence that would be admissible, or that could be used to impeach a prosecution witness." United States v. Trump, 753 F. Supp. 3d 17, 25 (D.D.C. 2024) (citation modified). Second, the government must provide evidence on the defendant's request if the evidence is "within the government's possession, custody, or control" and is "material" to his defense. Fed. R. Crim. Proc. 16(a)(1)(E). In other words, the government is required to disclose Rule 16 evidence "only if it enables the defendant significantly to alter the quantum of proof in his favor." United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (citation modified). The burdens of showing that the government has violated its obligations under Brady and of demonstrating materiality under Rule 16 both rest on the defendant. Trump, 753 F. Supp. 3d at 26.

Parker argues that the government has refused to produce evidence that Brady and Rule 16 require it to disclose. Specifically, he attaches an email from the government explaining that it will not or cannot produce evidence including various reports and documents created by the Chandler police department; transcripts of court proceedings in Chandler; information from or

about various officers in the Chandler police department; jail calls and 911 calls from Chandler and Dallas; and evidence responsive to other broad requests. See Mot. to Compel, Ex. 2 [ECF 82-2] at 2–5. In his motion to dismiss, Parker also argues that the government has failed to produce three photographs of Parker and A.L.'s son that were extracted from Parker's phone by the Chandler police department. See Third Mot. to Dismiss [ECF 83-1] at 4. It is not clear whether Parker is also moving to compel production of those three photographs, but recognizing the duty to construe pro se filings liberally, the Court interprets his filing as doing so.

Parker previously raised similar arguments. See First Mot. to Dismiss at 22–23 (arguing that the indictment should be dismissed because the government failed to disclose evidence possessed by the Chandler police department). And as this Court previously explained, the government is required to disclose only the exculpatory material it actually possesses. Order Denying First Mot. to Dismiss [ECF 62] at 7. Generally, the prosecution is not required to seek out evidence in the possession of other agencies to disclose it. See id.

There are exceptions to that general rule. In his motion to compel, Parker correctly points out that the Supreme Court has held that prosecutors must disclose Brady "evidence known to the others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995); Mot. to Compel [ECF 82-1] at 3. Likewise, the D.C. Circuit has held that prosecutors in D.C. are responsible for disclosing Brady evidence possessed by the Metropolitan Police Department, "given the close working relationship" between the MPD and the U.S. Attorney's Office for the District of Columbia. In re Sealed Case No. 99-3096 (Brady Obligations), 185 F.3d 887, 896 (D.C. Cir. 1999) (alterations removed). And prosecutors may even be required to turn over Brady evidence possessed by state agencies where the state and federal

investigators have a close working relationship. United States v. Antone, 603 F.2d 566, 569–70 (5th Cir. 1979).

But Parker goes too far in arguing that the prosecution's obligation to disclose Brady material extends to all government agencies, federal or state, "regardless of that agency's degree of involvement in th[e] case." Mot. to Compel at 3. No court has held that, nor would such a rule be practicable. See United States v. Beers, 189 F.3d 1297, 1304 (10th Cir. 1999) ("It is unrealistic to expect federal prosecutors to know all information possessed by state officials affecting a federal case, especially when the information results from an unrelated state investigation."). Instead, whether the government's disclosure duty extends to evidence held by a state agency turns on whether the state agency was acting on the government's behalf or cooperating closely with the government. Kyles, 514 U.S. at 437; United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992); United States v. Naranjo, 634 F.3d 1198, 1212 (11th Cir. 2011). And "[t]he scope of that duty" depends on several factors, including "the 'working relationship' between the prosecution and other agencies, along with 'the nature of the files' at issue, the difficulty of searching for them, and the prospect of finding favorable evidence therein." Trump, 753 F. Supp. 3d at 25–26 (quoting Brooks, 966 F.2d at 1503).

Parker has not shown that either the Dallas or the Chandler police departments are closely aligned with the federal prosecutors here, or that they acted on the prosecutors' behalf, so as to trigger disclosure obligations. As this Court previously found, nothing in the record suggests that the prosecution "worked hand-in-glove with the Chandler police department," and the same goes for the Dallas police department. Order Denying First Mot. to Dismiss at 7. The government represents that its investigation into Parker began years before the Chandler police department's

investigation into him,[1] and that the government "has not pooled resources or cooperated to a considerable extent with either the Dallas or Chandler police departments." Gov't's Omnibus Resp. to Mots. ("Gov't's Resp.") [ECF 89] at 9–10. Instead, the government says, it does not have independent access to the materials possessed by the Dallas and Chandler police departments and has only obtained documents from those agencies after specifically requesting them. Id. at 11. The government also represents that it "has turned over every piece of evidence from the Dallas or Chandler police departments in its possession." Id. Nor is there any indication that the prosecution is attempting to "avoid [its] discovery obligations by selectively leaving the materials with [an] agency once [it] has reviewed them." United States v. Poindexter, 727 F. Supp. 1470, 1478 (D.D.C. 1989).

Parker does not meaningfully contest any of that. He argues only that the prosecution is using evidence collected by the Chandler police department and that both the federal and Chandler investigations involved the same subject matter: Parker's conduct with respect to A.L. during the same time frame. Mot. to Compel at 5.[2] But that is not enough to establish extended disclosure obligations. "The mere fact that the Government may have requested and received documents

---

[1] Parker takes issue with this representation, complaining that the government has given contradictory statements about how and when its investigation into him began. Reply to Gov't's Resp. ("Reply") [ECF 94-1] at 6–7. But the Court concludes that the government has consistently maintained that its investigation into Parker began sometime in 2022, two years before the Chandler investigation was initiated in response to a 911 domestic violence call. Gov't's Resp. to Mot. for Pretrial Release [ECF 90] at 2; Gov't's Omnibus Resp. to Mots. [ECF 89] at 9; Hr'g Tr. [ECF 43] at 45:2–3; see Maricopa Cnty. Op. [ECF 51-3] at 2 (explaining that the Chandler investigation began in 2024 after police responded to a domestic violence call).

[2] Parker also points to the dates on the indictment, arguing they constitute proof that the government has extensively cooperated with the prosecution in Chandler. Reply at 2–3. Specifically, Parker claims that because the indictment in this case charges conduct ending on April 30, 2024 and the indictment brought in Arizona also charged conduct ending on April 30, 2024 (though, Parker claims, Parker and A.L.'s last interaction took place two months earlier, on March 3, 2024) the government must be coordinating with the Arizona prosecutors. See id. But the dates listed in the indictment are approximations, and Parker's speculation does not prove extensive coordination or cooperation between Chandler authorities and the prosecution here. See Indictment [ECF 1] at 1–2 (charging criminal conduct as occurring "[b]etween on or about March 1, 2021, and on or about April 30, 2024"); Trump, 753 F. Supp. 3d at 26 ("Mere speculation … that another agency is closely aligned with the prosecution … cannot support a claim that the prosecution has failed to fulfill its Brady obligations.").

from [an agency] in the course of its investigation does not convert the investigation into a joint one." United States v. Finnerty, 411 F. Supp. 2d 428, 433 (S.D.N.Y. 2006); see Trump, 753 F. Supp. 3d at 49 ("[I]t is inapposite to characterize an agency that only provides a particular requested document as displaying a close working relationship or extensive cooperation with the prosecution." (citation modified)); United States v. Reyeros, 537 F.3d 270, 284 (3d Cir. 2008) (similar). Nor is the mere existence of two separate investigations, one by federal authorities and one by state authorities, into the same alleged criminal activity, without more, sufficient to demonstrate that the entities had a cooperative and close working relationship. See Naranjo, 634 F.3d at 1212; Brooks, 966 F.2d at 1503.

At various points, Parker seems to go even further, asking this Court to compel the government to search for certain evidence and then to disclose that evidence to Parker. See Mot. to Compel at 3 (suggesting the government should look for information related to one of the Chandler investigators); Mot. to Compel Ex. 2 at 3 (asking the government for assistance interviewing four officers in the Chandler police department); Reply to Gov't's Resp. ("Reply") [ECF 94-1] at 13–14 (arguing that the government should have seized and performed a data extraction on A.L.'s phone). This Court will not do so. The prosecution is not required to "search for evidence favorable to the accused." Levin v. Katzenbach, 363 F.2d 287, 291 (D.C. Cir. 1966). Nor can the Court command the prosecution to expend its resources to search for evidence not already within its possession.

Parker makes one additional argument, this one for the production of evidence that may be in the government's possession. Parker argues that the government possesses a data extraction from his phone, and that the phone contained at least three family photos that have not been disclosed to him. Third Mot. to Dismiss at 2–5. Those photos are favorable, Parker argues,

because they could be used to contradict A.L.'s testimony that Parker held A.L. against her will. Id. at 3. The government, for its part, agrees that it is in possession of the data extraction of Parker's phone, but says that is has already disclosed all photos in its possession from the data extraction. See, e.g., Gov't's Resp. at 3–4. The Court agrees with Parker that the photos could be favorable to him. See United States v. Cloud, 102 F.4th 968, 979 (9th Cir. 2024) (explaining that before trial, evidence should be disclosed if it is "favorable to the defense," without regard for the "materiality standard usually associated with Brady"). Accordingly, if the photos are in the possession of the government and have not already been disclosed, the government must disclose the photos. To that limited extent, the motion to compel evidence is granted. Otherwise, the motion is denied.

## II. Motion to Dismiss the Indictment

Parker moves to dismiss the indictment with prejudice due to Brady and due process violations. Specifically, Parker claims that the three missing family photos are evidence that the prosecution has tampered with or destroyed portions of the data extraction from his phone. Third Mot. to Dismiss at 2–6; Reply at 11–12. Aside from the photos, Parker does not make any specific allegations about what is missing from the data extraction, or whether any such evidence would be exculpatory under Brady.

The Court concludes that there are no grounds to dismiss the indictment. As Parker concedes, it was the Chandler police, not the prosecution here, that completed the data extraction on his phone. Third Mot. to Dismiss at 1. That data extraction was disclosed to Parker as part of ongoing proceedings in Arizona. Third Mot. to Dismiss at 4. The Chandler police then turned over the data extraction to the prosecution for this case, which it in turn disclosed to Parker. See Gov't's Resp. at 14. And Parker admits that he received the "same exact data extraction" from

both the Arizona matter and from the prosecution here. Mot. to Dismiss at 5. So even assuming that evidence from Parker's phone was lost or destroyed, it seems that any loss or destruction of evidence would have occurred in Arizona, not by the federal prosecutors here.[3]

Parker argues that the actions of the Chandler police should be imputed to the federal prosecutors here. But as explained above, there is no evidence that the Chandler police and the federal prosecutors had a sufficiently close working relationship as to impute the knowledge and actions of the Chandler police to the federal prosecutors. Nor is there any evidence that the federal prosecutors have acted in bad faith. See Arizona v. Youngblood, 488 U.S. 51, 57–58 (1988) ("[U]nless a criminal defendant can show bad faith … failure to preserve potentially useful evidence does not constitute a denial of due process of law."). Accordingly, this Court will neither dismiss the indictment nor bar A.L. from testifying at trial. Parker's motion to dismiss is therefore denied.

### III. Motion for Reconsideration

Parker's motion for reconsideration raises the same issues as his initial motion to suppress evidence. He argues again that his car key and the gold phone were unlawfully seized in Chandler, Arizona, and that any evidence acquired from those seizures must be suppressed. The Court addressed those arguments in detail in its opinion denying Parker's motion to suppress. See Order Denying First Mot. to Dismiss at 2–5. Parker's motion for reconsideration provides no new grounds that would merit reconsideration and the motion is therefore denied.

---

[3] Parker also makes various other complaints about the conduct of the Chandler police and the Arizona prosecution team. See, e.g., Third Mot. to Dismiss at 4 (arguing that conduct by "the State" "violated both Alvarez and Cloud"). But this Court does not have jurisdiction over Parker's criminal proceedings in Arizona, nor can it issue any remedy with respect to those proceedings.

* * *

Upon consideration of [82-1] the motion to compel disclosure of evidence, [83-1] the motion to dismiss the indictment, [101-1] the motion for reconsideration, and the entire record herein, it is hereby ORDERED that the motion to compel is DENIED IN PART and GRANTED IN PART. As to the family photos, if the photos are in the possession of the government and have not already been disclosed, the government is ORDERED to disclose the photos. To that limited extent, the motion to compel evidence is GRANTED. Otherwise, the motion is DENIED. It is further ORDERED that the motion to dismiss the indictment is DENIED, and the motion for reconsideration is DENIED.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: August 13, 2026