**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DEVONTEE PARKER** | **Crim. A. No. 25-96 (JDB)** |

**MEMORANDUM OPINION & ORDER**

Devontee Parker, appearing pro se and with the assistance of stand-by counsel, is scheduled to begin trial on September 9, 2026. At the pretrial conference on August 28, 2026, the government made an oral motion to strike language from the indictment. At that same conference, Parker made an oral motion to preclude the testifying victim-witnesses from testifying using their initials, rather than their names. Both sides have now supplemented their oral motions with written filings, and the Court is prepared to rule. On the evening of Friday, September 4, 2026, and throughout the day on Sunday, September 6, 2026, with only one working day before trial, Parker filed six additional motions totalling more than one hundred pages. The Court will also resolve two of those motions now: Parker's motion to dismiss the case and preserve his venue challenge, and Parker's motion to compel the government to identify the hearsay exception or exclusion for each out-of-court statement it intends to offer at trial.

The government's motion to strike language from the indictment is granted. Parker has not objected to the motion to strike, and the government's proposed change conforms the language of the indictment to the language of the applicable statute. Parker's motion to preclude the testifying victim-witnesses from testifying using their initials is granted in part. To balance the government's concern about protecting the victim-witnesses' identities with Parker's concern about unfair

prejudice, the Court will allow the victim-witnesses to testify using their real first names and pseudonymous last names. This Court construes Parker's motion to dismiss the indictment and preserve Parker's venue challenge as a motion for reconsideration. Because nothing in Parker's motion alters the Court's earlier ruling rejecting Parker's venue challenge on the face of the indictment, the Court declines to reconsider that ruling. Parker's motion to dismiss the indictment also argues that the indictment is structurally defective. The Court defers that portion of Parker's motion. Finally, Parker's motion to compel the government to identify the hearsay exception or exclusion for each out-of-court statement it intends to offer at trial is denied. The motion is untimely and, in any case, Parker identifies no legal basis for granting the motion. The specifics of each of these rulings are explained below.

## ANALYSIS

### I. Government's Motion to Strike Language in the Indictment

The government moves to strike the phrase "and in reckless disregard of the fact" from Count One of the indictment, to ensure the indictment reflects the proper mens rea for the charged offense. Mot. to Strike [ECF 139] at 1. Count One of the indictment charges Parker with sex trafficking by force, fraud, and coercion. Indictment [ECF 1] at 1–2. That offense requires the government to prove that the defendant "recruit[ed], entice[d], harbor[ed], transport[ed], provide[d], obtain[ed], advertise[d]," or "maintain[ed]" a person. 18 U.S.C. § 1591(a)(1); Indictment at 1. For each of those means of committing the offense, except "advertising," the government must prove that Parker acted either "knowing[ly]" or "in reckless disregard of the fact that means of force, threats of force, fraud, [or] coercion … will be used to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a)(2). If the charged means is "advertising,"

the government must prove that Parker acted "knowing[ly]," and cannot rely on the lower reckless disregard mens rea. Id.

The government moves to strike the "reckless disregard" language from the indictment to conform the indictment with the statute and to "eliminate any concern the jury will convict the defendant under a theory that he advertised the victim in reckless disregard of the fact that force, fraud, or coercion will be used to cause her to engage in commercial sex." Mot. to Strike at 3. The Court asked Parker to file any objections to the government's motion to strike by Friday. Hr'g Tr. [ECF 152] 106:21–23. Parker did not file any such objection. With Parker's apparent consent, the government's motion is granted. See United States v. Kegler, 724 F.2d 190, 195 (D.C. Cir. 1983) (a district court may amend an indictment if the amendment is "not substantial, it is sufficiently definite and certain, the accused is not taken by surprise, and any evidence the defendant had before the amendment would be equally available to him after the amendment"). Count One of the indictment is revised as follows:

> Between on or about March 1, 2021, and on or about April 30, 2024, within the District of Columbia and elsewhere, the defendant, DEVONTEE PARKER, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means, A.L., whose identity is known to the Grand Jury, knowing that means of force, fraud, and coercion, and any combination of such means, would be used to cause A.L. to engage in a commercial sex act.

## II. Parker's Motion to Preclude Reference to Testifying Witnesses by Initials

Parker moves to preclude reference to the testifying victim-witnesses by initials. See Memo. ISO Witness Initials Mot. [ECF 157] at 1. Parker argues that reference to the government's testifying victim-witnesses at trial by first name and last initial, rather than full first and last name,

is unduly prejudicial under Federal Rule of Evidence 403, undermines the constitutional guarantee of an open trial, and violates his rights under the Confrontation Clause. See id. at 4–5, 16–17.

Over similar objections, however, courts in other cases regarding sexual abuse or sex trafficking have ordered the parties to refer to testifying victim-witnesses by first name only, first name and last initial, or pseudonym. See, e.g., United States v. Marcus, 628 F.3d 36, 45 n.12 (2d Cir. 2010) (rejecting defendant's argument that allowing witnesses to testify using first name only violated his due process rights); United States v. Paris, Crim. A. No. 06-64, 2007 WL 3124724, at *1 n.2 (D. Conn. Oct. 24, 2007) (noting the court had granted government's motion to refer to victim-witnesses by their first names and the first initial of their last names); United States v. Thompson, 178 F. Supp. 3d 86, 96 (W.D.N.Y. 2016) (limiting identification to witnesses' first names and last initial to protect them from the adverse consequences of "linking their identities to their past lives as sex workers"); United States v. Daskal, Crim. A. No. 21-110, 2023 WL 9424080, at *3 (E.D.N.Y. July 12, 2023) (citation modified) ("The practice of allowing alleged victims of sexual abuse to testify under a pseudonym has been widely permitted."); United States v. Graham, Crim. A. No. 14-500, 2015 WL 6161292, at *10 (S.D.N.Y. Oct. 20, 2015) (citation modified) (identifying victims only by their first names to avoid "adverse personal, professional and psychological consequences of publicly linking their identities to their prior prostitution activity"). Here too, the victim-witnesses will likely provide explicit testimony about their participation in commercial sex acts, and the Court has a "legitimate and substantial interest" in protecting their personal identifying information. Graham, 2015 WL 6161292, at *10 (citation modified).

Moreover, unlike the defendants in many of the cases Parker cites, Parker knows the identities of the witnesses at issue and therefore is not restricted in conducting research in preparation for his defense at trial. See, e.g., United States v. Celis, 608 F.3d 818, 832–34

(D.C. Cir. 2010) (no Confrontation Clause violation even where the defense team was limited in its access to information regarding witnesses testifying under pseudonyms); accord Daskal, 2023 WL 9424080, at *5 (reference to the complaining witness by first name at trial would not impair defendant's Sixth Amendment rights because he knew the witness's identity).

Nevertheless, the Court is interested in finding a solution that speaks to the concerns of both the government and Parker. To address both Parker's concern about unfair prejudice and the government's concern about the privacy of the victim-witnesses, the Court will allow the victim-witnesses to testify using their real first name and a pseudonymous last name. See Daskal, 2023 WL 9424080, at *5 (adopting this solution). The government shall create pseudonymous last names for the relevant witnesses and file a notice informing the Court and the defense of the chosen names. At trial, the parties and all testifying witnesses shall refer to the victim-witnesses using their real first names and (to the extent necessary) the pseudonymous last names, and the parties should ensure that the jury is not aware the witnesses are using pseudonyms. If the government believes that complying with this order is logistically infeasible, given the fast-approaching trial date, it shall so inform the Court. Upon a showing of logistical infeasibility, the Court may permit the victim-witnesses to testify using their first names and last initial.

## III. Parker's Motion to Dismiss and Preserve Venue Challenge

Parker moves "to dismiss the indictment (principally Count One) for improper venue, and, in the alternative, to preserve the venue objection for trial and appeal." Renewed Mot. to Dismiss [ECF 158] at 1. This is not Parker's first motion along these lines. See Mot. to Dismiss [ECF 51-1] at 20–22. Months ago, this Court rejected Parker's motion to dismiss based on venue on the face of the indictment, reasoning that the offenses Parker is charged with are continuing offenses under 18 U.S.C. § 3237(a), so "venue is proper in any district in which the charged conduct transpired,"

and the indictment "clearly charge[s] Parker with engaging in some or all of the proscribed conduct in the District of Columbia." Feb. 25, 2026 Mem. Op. & Order [ECF 62] at 9–10. The Court held that the propriety of venue was ultimately a question of fact for the jury. See id. at 10.

Because the Court already considered and ruled on Parker's venue objection, it will construe Parker's late-breaking motion to dismiss based on venue as a motion for reconsideration. The Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, but courts in this district have determined that motions for reconsideration may be entertained in criminal cases and have adopted the same standards that apply to such motions filed in civil cases pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009); United States v. Booker, 613 F. Supp. 2d 32, 34 (D.D.C. 2009). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation modified).

Nothing in Parker's motion alters this Court's earlier ruling. Parker does not make any new arguments about the face of the indictment, nor does he challenge the Court's legal conclusions. Instead, Parker raises "evidence-based challenge[s]" for each of the charged offenses, arguing that the government will not be able to prove particular conduct took place in the District of Columbia. Renewed Mot. to Dismiss at 8–10. But at the pretrial motion to dismiss stage, "the district court assesses only whether the allegations of the indictment, if true, would suffice to establish venue" and "may not, at this stage, consider evidence beyond the indictment." United States v. Powers, 40 F.4th 129, 134 (4th Cir. 2022); see United States v. Ballestas, 795 F.3d 138, 148 (D.C. Cir. 2015) (citation modified) ("Because a court's use of its supervisory power to dismiss

an indictment directly encroaches upon the fundamental role of the grand jury, dismissal is granted only in unusual circumstances.”). And in that regard, Parker’s arguments in his renewed motion to dismiss do not move the needle. Indeed, the authorities Parker relies on largely involve venue challenges after a defendant has been convicted, not at the pretrial motion to dismiss stage. See, e.g., United States v. Rodriguez-Moreno, 526 U.S. 275, 279–82 (1999) (discussing how to assess a venue challenge after a conviction); Purcell v. United States, 158 F.4th 441, 450 (2d Cir. 2025) (same).

Parker is free to make his venue arguments to the jury, and, if necessary, to this Court in a post-trial motion under Federal Rule of Criminal Procedure 29. But the Court declines to reconsider its earlier decision denying Parker’s motion to dismiss the indictment based on the propriety of venue and holding that venue would involve a fact question for the jury.

Finally, Parker argues that the indictment “suffers from three structural defects – multiplicity, duplicity, and a failure to specify the District conduct on which it relies.” Renewed Mot. to Dismiss at 10. Parker acknowledges that pretrial dismissal of the indictment is not the appropriate relief for the defects he identifies. See id. at 11–12. Accordingly, the Court will defer this portion of Parker’s motion.

## IV. Parker’s Motion to Compel the Government to Identify Basis for Admitting Hearsay Statements

Parker asks this Court to compel the government to “identify, before trial, each out-of-court statement it will offer and the specific hearsay exception or non-hearsay basis for each, and each statement it will offer as a prior consistent statement, together with the date of each such statement—and to set a pretrial hearing to resolve admissibility.” Mot. to Compel re Hearsay [ECF 159] at 2. The Court will not do so. Parker’s motion, filed on Friday evening, with only one working day before the start of trial, is untimely. The Court will not require the government to

produce each out-of-court statement it intends to offer and the basis for offering it on the eve of trial, nor is there time to accommodate a pretrial hearing. Moreover, the authorities Parker cites do not identify a legal basis for requiring the government to do so. See United States v. Cooper, 91 F. Supp. 2d 79, 81 (D.D.C. 2000) (setting deadline for government to provide notice regarding use of Federal Rule of Evidence 807); United States v. Gallo, 654 F. Supp. 463, 477 (E.D.N.Y. 1987) (requiring government to disclose co-conspirator statements it intended to offer at trial under Rule 801(d)(2)(E) to "temper the possibility of unfair prejudice"); United States v. Cannone, 528 F.2d 296, 298–300 (2d Cir. 1975) (district court has authority to require government to disclose identity of its witnesses before trial). And in any case, the government represents that it has already "pulled out and provided the specific excerpts/exhibits that it intends on using" and provided those to the defense. Gov't Resp. [ECF 166] at 7–8. Parker is, of course, free to raise objections to any statements he believes are inadmissible as the government offers them throughout trial, but Parker's motion for pretrial disclosure is denied.

Nor will the Court require the government to identify which statements it intends to offer under Federal Rule of Evidence 801(d)(1)(B), which excludes prior consistent statements from the rule against hearsay. See Mot. to Compel re Hearsay at 9–13. Such a remedy would not be practicable. Prior consistent statements are only admissible "to rebut an express or implied charge that the declarant recently fabricated [the statement] or acted from a recent improper influence or motive in so testifying" or "to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B)(i)–(ii). Presumably, the government will be unable to identify which prior consistent statements it might offer until it knows what lines of attack the defense will advance at trial. Nor can the Court evaluate whether those statements are admissible until it has seen the defense's cross-examinations. See Fed. R. Evid. 801 advisory committee's

note on proposed rule (explaining that prior consistent statements may be admissible "if the opposite party wishes to open the door for its admission"). It is not "ambush" for the government to wait until after the defense's cross-examination of A.L. to determine whether to admit her prior consistent statements, and if so which ones. See Mot. to Compel re Hearsay at 12. That is how Rule 801(d)(1)(B) is supposed to operate. This is a matter for trial.

Finally, Parker argues that pretrial identification of out-of-court statements is necessary to assess any Confrontation Clause objection, and points particularly to "chats between A.L. and her mother" that the government may admit. See Mot. to Compel re Hearsay at 16–17. As of now, the admission of A.L.'s out-of-court statements does not pose a Confrontation Clause problem because A.L. will testify at trial. See Crawford v. Washington, 541 U.S. 36, 54 (2004); Gov't Witness List [ECF 127] at 1 (identifying A.L. as a witness for trial). A.L.'s mother will not testify at trial, but the Court has doubts that A.L.'s mother's messages to her daughter are testimonial, and the Confrontation Clause applies only to testimonial hearsay. United States v. Otunye, 995 F.3d 1191, 1206 (10th Cir. 2021) (explaining informal text messages typically are not testimonial). In any case, the government has disclosed its exhibit list and other discovery to Parker. See Gov't Exhibit List [ECF 126]. If Parker wanted to raise a Confrontation Clause objection after reviewing that discovery, he could have done so by filing a motion in limine. He has not done so.

The government, in its response, asserts that it "agrees that it would be most efficient to present [the hearsay statements it intends to use during A.L.'s testimony] to the Court to litigate any hearsay objections" before she testifies. Gov't Resp. at 7. The Court will discuss that possibility with the parties before trial.

* * *

Upon consideration of [139] the government's motion to strike language in the indictment, [157] Parker's memorandum in support of his oral motion to preclude reference to the testifying witnesses by initial, [158] Parker's motion to dismiss the indictment and preserve venue challenge, [159] Parker's motion to compel the government to identify prior consistent statements and the hearsay basis for each out-of-court statement it intends to offer, and the entire record herein, it is hereby **ORDERED** that:

- The government's motion to strike is **GRANTED**; it is further **ORDERED** that
- Parker's motion to preclude reference to the testifying victim-witnesses by initials is **GRANTED IN PART**. The victim-witnesses—A.L., A.H., and D.T.—shall testify using their real first name and a pseudonymous last name. The government shall create pseudonymous last names for the three witnesses and file a notice informing the Court and the defense of the chosen names. At trial, the parties and all testifying witnesses shall refer to the victim-witnesses using their real first names and (where needed) the pseudonymous last names, and the parties should ensure that the jury is not aware the witnesses are using pseudonyms. If the government believes that complying with this order is logistically infeasible, given the fast-approaching trial date, it shall so inform the Court. Upon a showing of logistical infeasibility, the Court may permit the victim-witnesses to testify using their first names and last initial; it is further **ORDERED** that
- Parker's motion to dismiss the indictment is **DENIED IN PART** and **DEFERRED IN PART**. The Court declines to dismiss the indictment based on Parker's venue

challenge. The Court will defer consideration of Parker's structural challenges to the indictment; it is further **ORDERED** that

- Parker's motion to compel the government to identify prior consistent statements and the hearsay basis for each out-of-court statement it intends to offer is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: September 8, 2026