**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**DEVONTEE PARKER** | **Crim. A. No. 25-96 (JDB)** |

**MEMORANDUM OPINION & ORDER**

Trial proceedings for Devontee Parker, appearing pro se and with the assistance of stand-by counsel, began on September 9, 2026. On the evening of Friday, September 4, 2026, and throughout the day on Sunday, September 6, 2026, with only one working day before trial, Parker filed six additional motions totalling more than one hundred pages. Over the past few days, across several opinions, the Court has endeavored to address each of those motions in full. The Court has done so on a compressed timeline such that jury selection could begin as scheduled on September 9, 2026, and trial on September 10, 2026. Parker has consistently resisted any further delay in the start of trial. The Court resolves the remaining motions now: Parker's motion to exclude evidence, Parker's motion for reconsideration of this Court's 404(b) Order and other relief, and the remaining portion of Parker's motion to compel evidence.

Parker's motion for reconsideration is denied. The Court finds that there are no grounds to reconsider its earlier ruling about the admissibility of certain evidence under Rule 404(b). Parker's motion to exclude evidence is denied in large part, although Parker may raise objections to particular evidence as it is offered at trial, consistent with this opinion. Finally, Parker's motion to compel disclosure related to A.L.'s miscarriage is denied as untimely and because the evidence

Parker seeks is irrelevant and inadmissible under Rule 412, so it is not material for purposes of Brady or Rule 16.

## ANALYSIS

### I. Timeliness

As a threshold matter, Parker's motions are not timely. The Court ordered the parties to file any motions in limine by not later than August 13, 2026. Scheduling Order [ECF 75] at 1. Parker has not made a showing that the evidence he seeks to exclude—evidence of A.L.'s homelessness, estrangement from family, miscarriage, her sister's overdose, A.L.'s text messages and other statements, photographs of A.L.'s injuries, and other evidence—was disclosed to Parker after that date. Accordingly, Parker should have filed his motion to exclude evidence and his motion for reconsideration by the applicable deadline.

Parker's motion to compel disclosure of evidence related to A.L. suffering a miscarriage is also untimely. The government represents that it disclosed the fact of A.L.'s miscarriage to the defense in law enforcement records produced on March 13, 2026. Gov't Resp. [ECF 166] at 6. Parker could have moved to compel evidence related to the miscarriage at any time thereafter, but he did not, and one working day before trial is too late. Although the Court could reject Parker's motions on this basis alone, it proceeds to discuss the merits of the various arguments Parker raises.

### II. Parker's Motion for Reconsideration of 404(b) Order and Other Relief

On the eve of trial, Parker moved for reconsideration of this Court's February 20, 2026, order ruling on the admissibility of evidence related to victim-witnesses other than A.L., either as 404(b) evidence or intrinsic evidence. See Feb. 20, 2026 Mem. Op. [ECF 60]. The Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, but courts in this district have determined that motions for reconsideration may be entertained in criminal cases and have adopted the same standards that apply to such motions filed in civil cases pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure. See United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009); United States v. Booker, 613 F. Supp. 2d 32, 34 (D.D.C. 2009). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation modified).

Nothing in Parker's motion alters this Court's earlier ruling. The motion largely rehashes issues the Court decided in its earlier opinion, such as whether the testimony of the victim-witnesses is admissible as intrinsic or motive evidence or is inadmissible character evidence, and Parker points to no new evidence or arguments that warrant reconsideration. For instance, Parker highlights that A.H. has provided testimony that she did not think she saw Parker threaten or hit A.L. See Mot. for Recons. [ECF 156] at 17–18. But this account does not change this Court's conclusion that any testimony that A.H. does offer "about Parker's behavior towards A.L. is admissible as direct, intrinsic evidence," given A.H.'s testimony that "she was trafficked at the same time." Feb. 20, 2026 Mem. Op. at 15. Nor does Parker's concern about a "mini-trial" as to D.T., see Mot. for Recons. at 21–22, disturb this Court's holding that evidence of Parker's "other bad acts" is not barred by Rule 403, Feb. 20, 2026 Mem. Op. at 22–23. Finally, Parker's arguments about the credibility of A.L.'s account that Parker assaulted her the night she arrived in Texas are a matter for trial. See Mot. for Recons. at 12–15. The Court's decision to permit A.H. and D.T. to testify does not rest on the government's allegation that Parker assaulted A.L. on the night she arrived in Texas. The Court thus denies Parker's motion to reconsider its ruling regarding the admissibility of 404(b) evidence and testimony by the other victim-witnesses. However, the Court

will give a limiting instruction to the jury about the purpose for which they can consider the evidence admitted under Rule 404(b).

### III. Parker's Motion to Exclude Evidence

#### a. Evidence of A.L.'s Background

Parker moves to exclude evidence related to A.L.'s "personal background," including evidence the government has proffered that A.L. experienced "homelessness, estrangement from family, [a] miscarriage, and her sister's fatal overdose" before meeting Parker. Mot. to Exclude [ECF 163] at 4. Parker moves to exclude that evidence under Rules 401 and 403. Parker's motion is denied.

Parker is charged with committing sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1591. Under the statute, "coercion" means "threats of serious harm to or physical restraint against any person" or "any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person." 18 U.S.C. § 1591(e)(2). The statute further defines the term "serious harm" as meaning "any harm … that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity." 18 U.S.C. § 1591(e)(5). Several federal courts have held that the factfinder may consider the victim's background and particular vulnerabilities in evaluating whether the victim was coerced. See United States v. Bell, 761 F.3d 900, 913–14 (8th Cir. 2014); United States v. Lacy, 904 F.3d 889, 896 (10th Cir. 2018) (affirming conviction under 18 U.S.C. § 1591 where victim "felt coerced" because "of the vulnerable position she was in as a homeless woman"); cf. United States v. Kozminski, 487 U.S. 931, 952 (1988) (holding, in involuntary servitude case, that "the vulnerabilities of the victim are relevant in determining

whether the physical or legal coercion or threats thereof could plausibly have compelled the victim to serve"). Accordingly, evidence about A.L.'s background and vulnerabilities is relevant, mindful of the constraints under Rule 412.

Nor does the admissibility of evidence about A.L.'s background turn on whether Parker had knowledge of those elements of her background. See Bell, 761 F.3d at 913. Evidence about A.L.'s background might be less probative if Parker did not have knowledge of those circumstances, and Parker is free to offer evidence that he did not know about A.L.'s vulnerabilities. But the statute under which Parker is charged expressly requires the factfinder to consider whether Parker made "threats" of "harm" that were "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances" to perform commercial sexual activity. 18 U.S.C. § 1591 (emphasis added). Accordingly, evidence about A.L.'s background is probative to the jury's evaluation of that "reasonable person of the same background and in the same circumstances" standard.

Finally, the Court rejects Parker's argument that the details about A.L.'s background are inadmissible under Rule 403. Evidence about A.L.'s background is not admissible—and the government should not use it—to "blame [Parker]" for A.L.'s particular vulnerabilities. Bell, 761 F.3d at 914. But the evidence is probative "to establish how [A.L.'s vulnerabilities] might have made [her] more susceptible to [Parker's] or anyone's coercive methods." Id. The Court finds that the probative value of that evidence is not substantially outweighed by any unfair prejudice, or risk of misleading the jury, or by its cumulative effect.

**b. Rule 412**

The Court has already ruled on most of Parker's arguments under Rule 412 in a sealed opinion. See Sept. 9, 2026 Sealed Mem. Op. & Order [ECF 171]. But in his motion to exclude

Parker also asserts that the government seeks to portray A.L. as "sexually inexperienced," and argues that he should be permitted to challenge that portrayal. See Mot. to Exclude at 7–10. However, Parker provides no citation for his contention about the government's theory. Having reviewed the government's filings, the Court finds that the government has not proffered that it will portray A.L. as "sexually inexperienced" generally or otherwise comment on her sexual behavior prior to meeting Parker, outside the context of commercial sex work. See Gov't Resp. at 5. Accordingly, this portion of Parker's motion is denied.

Parker also argues that he should be permitted to introduce evidence related to A.L.'s miscarriage, such as the circumstances under which she became pregnant. Mot. to Exclude at 8–10. But any such evidence would be irrelevant under Rule 401 and barred by Rule 412. Although the fact of A.L.'s miscarriage is probative to the "serious harm" standard under 18 U.S.C. § 1591, the circumstances under which A.L. became pregnant, prior to meeting Parker, have no bearing on whether Parker committed the offenses he is charged with. Further, that evidence is evidence "offered to prove that a victim engaged in other sexual behavior" barred by Rule 412. Parker does not identify an exception to Rule 412 under which the circumstances of A.L.'s pregnancy would be admissible, nor does he provide a theory as to why that evidence might be probative. Indeed, the Court can think of none except to embarrass A.L. or to argue that A.L. is not credible because of her sexual behavior, the very purposes that Rule 412 protects against. See Fed. R. Evid. 412 advisory committee's note to 1994 amendment (explaining that the objectives of Rule 412 are to "shield[] the alleged victim from potential embarrassment and safeguard[] the victim against stereotypical thinking").

**c. Evidence Related to the Bus Stop**

Parker asks this Court to compel the government to "articulate a non-propensity purpose" under Rule 404(b) for its intended introduction of evidence that Mr. Parker "targeted vulnerable women at bus stops," and to provide a limiting instruction if any such evidence is admitted. Mot. to Exclude at 11–12. The government proffered that it intends to introduce evidence demonstrating Parker "targeted A.L., a vulnerable young woman" and that at "the time Parker approached her at a Greyhound bus stop, she was disheveled, 19 years old and appeared much younger, had run out of money, and her phone had died." Gov't Trial Br. [ECF 150] at 9. But Parker's "targeting" of A.L.'s vulnerabilities, and the circumstances under which Parker and A.L. met, are not covered by Rule 404(b). See United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000) ("[I]f the evidence is of an act that is part of the charged offense, it is properly considered intrinsic."). And the government has not proffered that it intends to offer evidence that Parker targeted other vulnerable women at bus stops. See Gov't Trial Br. at 3, 9. For that reason, Parker's motion is denied. If the government elicits testimony at trial that Parker targeted other vulnerable women at bus stops, Parker may raise an objection at that time.

**d. A.L.'s Out-of-Court Statements**

Parker makes four challenges to A.L.'s out-of-court statements. None are availing.

*First*, Parker moves to exclude certain messages between Parker and A.L. that the government intends to introduce pursuant to Rule 803(3), specifically, messages that reflect "A.L.'s psychological dependence on Parker despite persistent abuse," and "her view of herself as his 'property.'" Gov't Trial Br. at 25–26. The Federal Rules of Evidence generally prohibit the introduction of out-of-court statements offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c), 802. Rule 803(3) excepts from this prohibition statements of "the declarant's

then-existing state of mind" but not "statement[s] of … belief to prove the fact … believed." Parker argues that "[a] statement that A.L. regarded herself as the defendant's 'property,' or that ascribes her dependence to his past conduct, is a statement of belief to prove the fact believed" and is therefore inadmissible hearsay. Mot. to Exclude at 12–13.

Without knowing the exact content of the messages the government seeks to admit or the context in which they will be admitted, however, the Court cannot readily determine whether the government's intended exhibits are admissible under Rule 803(3). However, where messages merely reflect A.L.'s "feelings [she] had at that particular moment," they are plainly admissible under Rule 803(3). United States v. Slatten, Crim. A. No. 14-107-RCL, 2020 WL 4530729, at *8 n.4 (D.D.C. Aug. 6, 2020).[1] The Court will therefore not exclude any evidence at this moment, but Parker may raise an objection at trial when an exhibit is offered under Rule 808(3).

*Second*, Parker asks the Court to "require the Government to identify, statement by statement, the non-truth purpose for each of A.L.'s statements, and to exclude or redact any offered to prove the truth of what they assert." Mot. to Exclude at 14. This request specifically concerns the government's intended introduction of text messages and chats between A.L. and Parker that will "provide necessary context to make Parker's statements intelligible during the[ir] message exchanges and conversations." Gov't Trial Br. at 23–24. The Court, however, has already ruled that it will "not require the government to produce each out-of-court statement it intends to offer and the basis for offering it" before A.L. testifies, and nothing in Parker's motion alters this Court's earlier ruling. Sept. 8, 2026 Mem. Op. & Order on Pretrial Mots. [ECF 170] at 7–8.[2] The Court

[1] The Court notes that A.L.'s messages may not be admitted under Rule 803(3) for the purpose of proving that Parker took some action in the past. See United States v. Emmert, 829 F.2d 805, 810 (9th Cir. 1987) (emphasis added) (excluding statement that "he was scared because of the threats made by [government] agents").

[2] The Court has also acknowledged, however, that the government "agrees that it would be most efficient to present [the hearsay statements it intends to use during A.L.'s testimony] to the Court to litigate any hearsay

will rule on any objections to the admission of out-of-court statements to the extent they arise at trial.

*Third*, Parker challenges the government's "reservation" of "the right to introduce prior consistent statements to rebut any charge of recent fabrication or improper motive" that may be made at trial. Mot. to Exclude at 14. Parker claims that such a "[b]lanket [r]eservation" under Federal Rule of Evidence 801(d)(1)(B) would be "premature." Id. As it has already held, the Court disagrees. See Sept. 8, 2026 Mem. Op. & Order on Pretrial Mots. at 8–9. Parties routinely reserve their right to introduce prior consistent statements "in the event [the opposing party] suggests [a witness's] testimony is untruthful or to rehabilitate [the witness's] credibility if attacked." United States v. Giacomini, Crim. A. No. 20-134, 2022 WL 393194, at *2 (N.D. Cal. Feb. 9, 2022); see United States v. Smith, Crim. A. No. 23-139, 2024 WL 707379, at *6 (E.D. Okla. Feb. 21, 2024) ("The Court agrees that if [the witness] testifies at trial and the defense expressly or impliedly suggests that [the witness's] testimony is fabricated or improperly influenced or motivated in some way, the Government may offer prior consistent statements that are consistent with [the witness's] challenged in-court testimony."); see Fed. R. Evid. 801 advisory committee's note on proposed rule (explaining that prior consistent statements may be admissible "if the opposite party wishes to open the door for its admission"). Parker identifies no authority indicating that this practice is improper, and the text of Rule 801(d)(1)(B) suggests otherwise. Nor does the record support Parker's suggestion that the government may be "withholding … potential prior consistent statements to ambush Mr. Parker." Mot. to Exclude at 15.

---

objections" before she testifies. Sept. 8, 2026 Mem. Op. & Order on Pretrial Mots. at 9; Gov't Resp. at 7. The Court will discuss this possibility with the parties before A.L. testifies. See Sept. 8, 2026 Mem. Op. & Order on Pretrial Mots. at 9.

Parker also asserts that a "'hospital bracelet' account" that a witness offered "cannot qualify as a prior consistent statement" because the account surfaced "after any motive to shore up her testimony had arisen." Id. The Court declines to decide this issue now. If the government offers this account as a prior consistent statement at trial, Parker may raise his objection at that time.

*Finally*, Parker seeks to exclude out-of-court statements made by A.L.'s stepmother to police officers after an encounter with A.L. and Parker. Id. at 15–16. In March, the government proffered that it intended to elicit the stepmother's testimony that she informed the police that (1) A.L. came to the stepmother's home "under the influence of narcotics" and (2) A.L. told her stepmother that A.L. was "being made to sell herself." Gov't Mot. in Limine [ECF 27] at 35. Parker contends that the stepmother's testimony about A.L. saying she was "being made to sell herself" is inadmissible hearsay. Mot. to Exclude at 15–16. This argument is moot because, as Parker observes, the government "has now pulled the stepmother as a witness." Id. at 16 n.1; see Gov't Witness List [ECF 127]; Scott v. City of Sioux City, 96 F. Supp. 3d 876, 896 (N.D. Iowa 2015) (denying challenge to testimony as moot because neither party intended to call the witness in its case-in-chief, "without prejudice to reassertion if a party calls him to testify, after all").[3]

**e. Photographs of A.L.'s Injuries**

The government intends to "introduce photograph evidence of several of A.L.'s injuries" that it alleges "were the result of Parker's violence." Gov't Trial Br. at 10. Parker "asks the Court to require, before any such photograph is published to the jury or attributed to the defendant, authentication under Rule 901 that the photograph accurately depicts A.L.'s injuries." Mot. to

[3] Parker asserts that "it is not clear whether the government still plans to introduce this statement in some other manner." Mot. to Exclude at 16 n.1. But the government made clear that it anticipated "eliciting this incident primarily from A.L.'s stepmother" and that, if her "credibility is challenged, the government may seek to introduce officer testimony of her prior consistent statements." Gov't Mot. in Limine at 35 & n.6. Now that the government apparently no longer plans to call the stepmother as a witness, it would have no need to introduce officer testimony to rehabilitate her credibility on this issue.

Exclude at 17. The Court will do so. "As a general rule, tangible evidence such as photographs must be properly identified or authenticated before being admitted into evidence at trial." United States v. Lawson, 494 F.3d 1046, 1052 (D.C. Cir. 2007). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The Court thus will require the government to authenticate any photographs of A.L.'s injuries it wishes to introduce into evidence, and Parker may raise an objection if the government does not do so.

Parker also asks for "exclusion or limitation under Rule 403 of any photograph that is unclear, cumulative of other proof, or more inflammatory than probative." Mot. to Exclude at 17. The Court will defer this portion of Parker's motion. At trial, Parker may seek exclusion or limitation of any photograph the government attempts to bring into evidence, and the Court will address Parker's arguments at that time.

**f. D.T.'s Testimony**

As the Court noted, *supra*, Parker has not identified any grounds sufficient to require this Court to reconsider its decision to admit D.T.'s testimony. The Court has also already rejected Parker's argument under Rule 412. See Sept. 9, 2026 Sealed Mem. Op. & Order at 8.

**IV. Parker's Motion to Compel**

Finally, the Court addresses Parker's motion to compel evidence related to A.L.'s miscarriage. As explained, *supra*, the Court denies the motion because it is untimely. The fact of A.L.'s miscarriage was disclosed to the defense in March, and Parker waited too long to move to compel related evidence. The Court also denies the motion because, as explained above, any evidence related to the underlying facts of the miscarriage would be irrelevant and inadmissible under Rule 412, and accordingly is not material for the purposes of Brady or Rule 16. See United

States v. Bingert Sturgeon, Crim. A. No. 21-91, 2023 WL 3203092, at *4 (D.D.C. May 2, 2023) (denying discovery request seeking evidence that "would be entirely irrelevant in this case and thus immaterial for Brady or Rule 16 purposes").

* * *

Upon consideration of [156] Parker's motion for reconsideration, [163] Parker's motion to exclude evidence, [162] Parker's motion to compel production of discovery, and the entire record herein, it is hereby **ORDERED** that Parker's motions are **DENIED IN PART** and **DEFERRED IN PART**. The Court will not exclude any evidence at this time. But as indicated herein, Parker may raise hearsay objections, consistent with this opinion, when the government offers specific out-of-court statements at trial. The Court will also give a limiting instruction to the jury about the purpose for which they can consider any evidence admitted under Rule 404(b).

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: September 10, 2026